16 P.(2d) 936

## STOUT v. CITY OF CLOVIS.

No. 3746.

Supreme Court of New Mexico.

Nov. 30, 1932.

Otto Smith and Carl A. Hatch, both of Clovis, for appellant.

Perkins L. Patton, of Clovis, for appellee.

BICKLEY, C. J.

The following questions are presented on this appeal:

(1) Have the Constitution and laws of New Mexico created the office of "police magistrate?"

(2) May a city operating under the commission manager plan (chapter 21, Laws 1921, Comp. 1929, §§ 90-3901 to 90-3927) by ordinance create the office of police magistrate, provide for the election thereof, and confer jurisdiction thereon to decide cases involving violations of city ordinances?

The appellant, city of Clovis, in 1909 adopted its ordinance No. 7, "prescribing the qualification and duties and defining the power and authority of police judge." Section 1 declared that the police judge was to be selected "as provided by law." Other sections defined the jurisdiction of such officer, and regulated the practice in the police court, including the right of appeal.

In 1930 the city adopted its Ordinance No. 297, "providing for the election of the police magistrate of the City of Clovis and repeal-ing all ordinances in conflict therewith." Perhaps the repealer attempted to go no further than to repeal other ordinances providing for the selection of such officer in a manner other than by election.

Seeking an affirmative answer to these questions, the appellant invokes the following constitutional and statutory provisions:

(1) Constitutional provisions. Article 6.

(a) "Section 1. *Judicial Powers. How Vested.* The judicial power of the state shall be vested in the senate when sitting as a court of impeachment, a supreme court, district courts, probate courts, justices of the peace, and such courts inferior to the district courts as may be established by law from time to time in any county or municipality of the state, including juvenile courts."

(b) "Section 13. The district court shall have original jurisdiction in all matters and causes not excepted in this constitution, and such jurisdiction of special cases and proceedings as may be conferred by law, and appellate jurisdiction of all cases originating in inferior courts and tribunals in their respective districts, and supervisory control over the same."

"Section 26. Justices of the peace, police magistrates and constables shall be elected in and for such precincts or districts as are or may be provided by law. Such justices and police magistrates shall not have jurisdiction in any matter in which the title to real estate or the boundaries of land may be in dispute

or drawn in question or in which the debt or sum claimed shall be in excess of two hundred dollars exclusive of interest."

(c) "All district, county, precinct and municipal officers, shall be residents of the political subdivisions for which they are elected or appointed." Section 13, art. 5.

(2) Statutes:

(a) "90-3919. *Police Judge.* The commission shall designate one justice of the peace, holding his office in one of the precincts of the city operating under this act, as police judge of said city, who shall hold office at the will of the commission."

(b) "90-3920. It shall be the duty of the commission to pass all ordinances and other measures conducive to the welfare of the city, and to the proper carrying out of the provisions of this charter, and to do and perform all acts required for the general welfare of the city. The commission shall create all offices in addition to those herein specified, which may become necessary for the proper carrying on of the work of the city. The commission shall appoint the chief administrative officer as hereinafter provided for and shall hold him responsible for the proper and efficient administration of the city government."

The appellant, city of Clovis, refers to the following statutes enacted before the adoption of the Constitution:

"Any and all justices of the peace shall have jurisdiction in all prosecutions and suits for the recovery of fines arising under the provisions of this chapter, or any ordinance passed in pursuance thereof, or the city council or board of trustees of any city or town may designate one justice of the peace, who shall have such jurisdiction exclusively." Section 90-910, 1929 Comp.

"The justice of the peace of the proper precinct shall have jurisdiction of all violations of ordinances made and published by the board of trustees, under the provisions of this article." Section 90-3419, 1929 Comp.

Sections 79-522 to 79-527, Comp. 1929, provide a full Code of Procedure in cases of appeals from justice of the peace courts to district courts in cases of convictions for violations of municipal ordinances. See similar provisions in section 90-901, Comp. 1929. Sections 79-216 and 79-217, Comp. 1929, provide that justices of the peace in municipalities in the state, when sitting as police judges, shall turn all fines collected for violation of city ordinances into the city treasury.

Appellant city suggests that these last-quoted statutes are not applicable to it because the commission manager plan under which it operates provides for a police judge. It must not be overlooked, however, that the very statute so providing states that "the commission shall designate one justice of the peace * * * as police judge," so it would appear that, so far as this statute is concerned, no new office is created, but an additional title, doubtless for convenience, as evidencing the designation referred to. Appellant also suggests that these statutes were repealed by the adoption of the Constitution. A similar

contention was made in the matter of the application of Tom O'Neal for writ of habeas corpus, No. 3805, and denied on April 26 of this year without written opinion.

Appellant's argument proceeds thus: If the office of police judge has been created, then under section 26 of article 6, quoted supra, the incumbent "shall be elected" and section 90-3919, 1929 Comp., supra, which required the *commission* to *designate* a justice of the peace, as police judge, is therefore unconstitutional. Appellant's argument rests upon the premise that the office of "police magistrate" referred to in the Constitution has been created by the Constitution and recognized by the Legislature. If unsound here, its entire argument falls.

That a tribunal designated as a police court having "sole and exclusive jurisdiction of the violation of any and all ordinances of the city of Clovis" as attempted to be provided by ordinance of the appellant city, would be vested with "judicial power," we may not doubt.

We do not find in Const. § 1 of article 6, supra, that judicial power has been vested in any such styled or designated court. Observing that the provisions of this section reposes the "judicial power" not only in those courts specifically designated, but also in "such courts inferior to the district courts as may be *established by law* from time to time in any county or municipality of the state, including juvenile courts," we seek enactments of the Legislature or constitutional provisions establishing police courts in appellant municipalities. (Italics supplied.) We do not regard the language of Const. § 26, art. 6, as "establishing" the offices of "justices of the peace, police magistrates and constables," but merely as defining the manner of their selection. Section 1 of article 6 had already reposed judicial power in justices of the peace, but not in police magistrates. We find no act of the Legislature establishing courts to be known as police courts independently of justices of the peace, although we do find the Legislature pursuant to its constitutional power has established "juvenile courts." On so important a matter as the establishment of a court in addition to those enumerated by the Constitution, one would expect to find a clear and definite enactment, not only creating the court, but defining its jurisdiction.

When the Constitution makers declared in section 1 of article 6 that inferior courts not enumerated might be established by law, that meant by general legislative enactments. See Dane v. Smith, 54 Ala. 47; Healey v. Dudley, 5 Lans. (N. Y.) 115. In the case last cited, the court said: "When an act is to be done according to law, or a thing is to be established by law, we all understand that the law intended is a law passed by the legislature, and not by some inferior body acting under powers conferred by the legislature, unless, from the nature of the case, the act of the inferior body is obviously intended."

It may be that, in the expression "established by law" under some circumstances, the word "law" would be broad enough to embrace a municipal ordinance. See People v.

Edmonds, 15 Barb. (N. Y.) 529. In that case the court said: "A general law can be enacted only by the state legislature; a special law, however, may be passed by the board of supervisors of a county, where the requisite power has been conferred upon it by the sovereign legislative authority. * * * In the case under consideration, the power was expressly conferred."

Section 24 of article 4 of our Constitution indicates that the language of the Constitution, section 1, art. 6, means a *general law* because said section declares: "The legislature shall not pass local or special laws in any of the following cases: Regulating * * * the jurisdiction and duties of * * * police magistrates * * * the practice in courts of justice."

In Commonwealth v. Addams, 95 Ky. 588, 26 S. W. 581, 582, it was decided that a law is not a complete law when it is nothing more than a delegated power attempted to be given by the legislature to some other department of the government to make the law so that the provisions of an act that the compensation of a clerk of the Court of Appeals shall be fixed by the court is a violation of the constitutional provision that the compensation of such officer shall be fixed and provided by law.

It remains only to be considered whether the power of the Legislature to create courts inferior to the district courts delegated to the Legislature by the Constitution can be redelegated to the governing body of a municipality. In 15 C. J. "Courts," § 191, it is said: "Where the power of the legislature under the consti-tution to create additional inferior courts is not an original, inherent one, but is delegated within certain limitations it cannot be redelegated, and inferior courts can be created only in accordance with express statutory provisions." A case cited to the text, In re Cloherty, 2 Wash. 137, 27 P. 1064, is particularly interesting and persuasive.

Furthermore, we see no convincing sign of an intention of the Legislature to delegate the authority contended for. While certain general powers are conferred by section 90-3920, supra, specific provisions are made by section 90-3919 for a police judge, who is to be a justice of the peace. We do not think the objection that this provision is unconstitutional because it provides for the designation by the commission instead of by election as required for the office of "police magistrate" in section 26 of article 6 of the Constitution is serious. Justices of the peace are elected, and designating a justice of the peace as police judge is not the creation of the office of "police magistrate" authorized by the Constitution to be "established by law." Designating a justice of the peace as "police judge" is not creating a new court, but giving an additional name to an existing court. Assuming that it may not be inappropriate for the Legislature on occasion to delegate to local governmental agencies authority to legislate in regard to local affairs, yet statutes attempting to do so are to be strictly construed against any greater delegation of legislative power than clearly appears from the language used. 12 C. J. Const. Law, § 356.

What we have decided is in accord with the views of the district court, and its judgment should be affirmed, and it is so ordered.

HUDSPETH and NEAL, JJ., concur.

WATSON and SADLER, JJ. (concurring in the result).

The majority have held that 1929 Comp. St. § 90-3919 is constitutional. That holding is decisive of the case, since ordinance 297 is violative of this valid section of the city's charter.

We concur in that holding, but not in the manner of arriving at it. It involves a construction of N. M. Const. art. 6, § 26, as to which we differ. We consider that this section recognizes "police magistrates" as already existing and functioning, and contemplates continuance of the °then' system until the Legislature shall prescribe some other mode of "electing" them. Otherwise we could not agree that the system of designating police magistrates from eligible justices of the peace could have survived the adoption of the constitution.

The provision in question may be condensed thus: " * * * Police magistrates * * shall be elected in and for such precincts or districts as are (now) * * * provided by law. * * * "

By the then existing laws, each county was divided into precincts. 1929 Comp. St. § 33-4216. A justice of the peace was elected in and for each such precinct. Id § 79-101. By general charters, the governing body of a city or town might designate one justice of the peace to have jurisdiction of ordinance cases. Id. §§ 90-910, 79-203.

This is the "police magistrate" of the Constitution. The title of the office is fully descriptive. There can be no question as to the nature of the office or as to the extent of the jurisdiction, territorial or otherwise. The incumbent is the repository of the city's judicial power. The manner of his then election is approved by the Constitution. Section 90-3919 is in exact accord with it, and so is valid. Several considerations lead to this conclusion.

All territorial laws were continued in force, unless inconsistent with the Constitution. Article 22, § 4. He who asserts such inconsistency must show it; and, we take it, must show it as clearly as if he challenged subsequently enacted legislation.

A well-known rule of construction requires that, if possible, full force be given to each word employed. We do not do this if we ignore the application of "as are * * * provided by law" to "police magistrates."

The existing system of selecting police magistrates was familiar knowledge to the Constitution makers. If they had intended to abolish it, and to create for the future, or to authorize the Legislature to create, an office theretofore unknown, they would have said so plainly.

What they did say is not only consistent with an intent to continue the existing system, but is highly persuasive of such intent.

For twenty years it has not been questioned that the police magistrate of the territorial statutes continued as such under the Constitution.

The office of "police magistrate" also finds recognition in article 4, § 24, prohibiting the enactment of special or local laws regulating their jurisdiction or duties. We take it that any attempt to confer on a single city or town the power to designate a justice of the peace to have jurisdiction in ordinance cases would be void, though the Legislature might not have created an office with the title "police magistrate."

Article 6, § 26, either countenances or discountenances the then existing system of designating one justice of the peace to serve as police magistrate. If that system was discountenanced, it has been unconstitutional for twenty years, and section 90-3919 is likewise void. We think, however, that the evidence points the other way, and that the system was recognized and approved.

If N. M. Const. art. 6, § 1, has any bearing on the question, it can only be as interpreted in connection with article 6, § 26. If the power to try ordinance cases be considered a part of "the judicial power of the state," it must be deemed to have been recognized as residing in police magistrates by section 26, though they are not mentioned in section 1. But a simpler view is that section 1 embraces only the real judicial power to be exercised for and in the name of the state, reserving for disposition in section 26 that minor and quite different judicial power delegated to and residing in municipalities. 15 C. J. 863.