(No. 28101.—

ROSE L. DOUGLAS, Appellant, *vs.* THE VILLAGE OF MELROSE PARK *et al.*, Appellees.

*Opinion filed January 17, 1945.*

CLOYES & CAVENDER, of Chicago, for appellant.

GUY C. GUERINE, of Melrose Park, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed, in the superior court of Cook county, her complaint against the village of Melrose Park and certain of its officers, seeking to restrain them from enforcing and threatening to enforce a certain zoning ordinance said to limit appellant's property to "A" use, as defined in the ordinance.

The facts are brief and, for most part, not disputed. Appellant owns and has owned this real estate for a number of years. Prior to the enactment of a zoning ordinance by the village in 1924 there had been erected, on appellant's property, a building known as a factory construction, the walls being constructed of concrete blocks, the building being one story high with a flat roof, approximately 50 feet in length and 30 feet in width, and a small addition constructed thereto. It was used for a printing shop until March, 1937. In the autumn of 1936, by reason of ill-health of appellant's husband, the business was sold and the premises leased for a printing shop. This continued until March, 1937, when the tenant vacated, removing the printing machinery but leaving such equipment as was attached to the building. From that time down to the present appellant has made numerous attempts to rent this building either for printing or other small-article manufacture.

By section 8 of the zoning ordinance it is provided: "The lawful use of a building or premises existing at the time of the adoption of this ordinance may be continued, although such use does not conform with the provisions hereof, * * *. Whenever a non-conforming use of a building has been discontinued or changed to a higher classification or to a conforming use, such use shall not thereafter be changed to a use of lower classification."

The district in which appellant's property is situated is zoned for "A" use and the building of appellant at the time of the passing of the ordinance was what is known as a nonconforming use. Under section 8 of the zoning ordinance, the continued use for that purpose is not prohibited and appellant urges that to discontinue means to abandon and that the evidence shows she has not abandoned the nonconforming use to which the property has been put. She also argues that the provision concerning a nonconforming use, sought to be applied to her property, is an invalid provision, insofar as it attempts to limit the use of the property of the appellant to "A" use, as defined in the ordinance, or for residence purposes only, and that that section is unreasonable and is, for that reason, in violation of the constitution of this State and of the United States. The trial court dismissed her complaint for want of equity. The trial judge certified that the validity of an ordinance was involved and that the public interest requires that the cause be brought directly to this court on appeal.

The case was heard before the chancellor and evidence was adduced tending to indicate that appellant had endeavored to rent the property for a like purpose and had had conversations, either personally or through her attorney, with officials of the village of Melrose Park pertaining to procuring a permit to operate a small factory, but that she was told that, since the building was no longer used for small manufacturing or printing, it had reverted to "A" use, and a permit to operate any such business could

not be had. The ground for denial and refusal of such permit was that under section 8 of the village ordinance the nonconforming use of the building had been "discontinued."

The first question on this record is one of the construction of the ordinance. Under familiar rules of construction, it is the duty of the court to give ordinances or statutes such construction as will prevent their running counter to constitutional provisions, if such may reasonably be done. By the terms of the ordinance, property being used at the time the ordinance was adopted, for, as the term indicates, a use not conforming to the classification made by the ordinance, shall not be subjected to a different classification than that in which it at that time exists. The right to such nonconforming use is a property right. (*Western Theological Seminary* v. *City of Evanston*, 325 Ill. 511.) Any provision of a statute or ordinance which takes away that right in an unreasonable manner. or in a manner not grounded on public welfare, is invalid. (*Tews* v. *Woolhiser*, 352 Ill. 212; *Forbes* v. *Hubbard*, 348 Ill. 166; *Western Theological Seminary* v. *City of Evanston*, 325 Ill. 511.) A zoning ordinance may be, in its general aspects, valid, and yet, as to a particular state of facts involving a particular parcel of real estate, be so clearly arbitrary and unreasonable as to result in confiscation, thereby justifying the interposition of a court of equity to restrain its enforcement. *Harmon* v. *City of Peoria*, 373 Ill. 594; *Johnson* v. *Village of Villa Park*, 370 Ill. 272; *People ex rel. Kirby* v. *City of Rockford*, 363 Ill. 531.

In order to determine whether section 8 of this zoning ordinance is void as being an unreasonable confiscation of property rights, it is first necessary to construe the term "has been discontinued," as used in section 8. This question has not been heretofore passed upon by this court but it is evident that it means more than a mere suspension of the nonconforming use. Courts of those jurisdictions in

which the question has been presented have generally held that discontinuance is equivalent to abandonment. (*Haller Baking Co.'s Appeal*, 295 Pa. 257, 145 Atl. 77; *Ullman ex rel. Eramo* v. *Payne*, 127 Conn. 239, 16 Atl. 2d 286; *State ex rel. Schaetz* v. *Manders*, 206 Wis. 121, 238 N. W. 835.) It is also held that time is not an essential element of abandonment though it is evidential, especially in connection with other facts evidencing such intention. *Landary* v. *Board of Zoning Appeals*, 173 Md. 460, 196 Atl. 293; See Note 114 A. L. R. 991.

It seems apparent from the efforts made by appellant to rent or sell this property, that she cannot be said to have intended to abandon the nonconforming use of it. She attempted to secure tenants for it, or to sell it as property devoted to this nonconforming use. With this construction of the applicable provisions of section 8, we are of the opinion the court erred in holding that appellant had discontinued the nonconforming use of the property. It therefore becomes unnecessary to determine whether this provision of the ordinance is void.

The decree of the superior court is reversed and the cause remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*