OSCHIN *v.* TOWNSHIP OF REDFORD.

Townships—Zoning Ordinance—Residence—Unplatted Land. ·
  Township zoning ordinance requiring 25-foot front yard and
    20-foot rear yard as to residence property and classifying
    north 540 feet of unplatted land 36′ x 660′ on northeast corner
    of street intersection as residence property *held*, unreasonable
    and confiscatory, where residential use proposed by defendant's
    witness was neither permitted by the ordinance nor practical,
    was out of line with other buildings in locality, and unsightly
    if permitted and use of property as lumber yard had not
    clearly been abandoned.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted June 4, 1946. (Docket No. 13, Calendar No. 43,395.) Decided September 11, 1946.

Bill by Stanley Oschin and wife and Samson Hassin and wife against the Township of Redford to construe ordinance to allow plaintiffs to use property for storage of lumber and for injunction restraining interference with such use. Decree for plaintiffs. Defendant appeals. Affirmed.

*Charles L. Goldstein,* for plaintiffs.

*George O. Hansen,* for defendant.

Reid, J.  The bill of complaint was filed to obtain an injunction restraining defendant township from interfering with plaintiffs' use of certain real estate for a lumber and building supplies business and from enforcing against plaintiffs, as owners of said

property, the township's general zoning and interim zoning ordinances, which ordinances plaintiffs claim to be unreasonable, confiscatory and void as to plaintiffs' property. From a decree in favor of plaintiffs, defendant appeals.

The location of plaintiffs' premises and of adjacent property is shown on a plat hereto attached. Plaintiffs' premises have a frontage of 660 feet on the east side of Centralia avenue, with a uniform depth of 36 feet including the frontage on the north side of Plymouth road. The premises are unplatted. The adjacent property on the east, having a frontage of 132 feet on Plymouth road and a depth of 660 feet, is also unplatted. Adjacent to this unplatted property on the east is Beechwood Park subdivision, which lies between this unplatted property and Beech road. Evidently all lots on Beech Park No. 1, except lots along Plymouth road and lots along Beech road, were platted for residential use. Centralia street was unpaved at the time of the hearing.

Prior to 1940 the Newman Development Company acquired the property involved. In August, 1940, construction of a residence about 80 or 90 feet from Plymouth road, for the Newman company's lumber watchman, was begun. In October, 1940, a fence was built around the property in dispute, also a steel shed was erected thereon, which fence and shed are still on the property. From that time until the sale of the property on land contract to Larkey, May 26, 1944, the property was used for storage of lumber as a supply yard for building operations in that general vicinity. Apparently the shed and yard were not used for storage of lumber from the early part of October, 1944, until August 31, 1945, when the premises were sold to plaintiffs, but with the shed and fence still in place there was no clear abandonment of use for a lumber yard. Plaintiffs

### BEECH PARK No. 1

BEING A SUBDIVISION OF PART OF THE S. E. 1-4 OF SEC. 30

T 1 S . R . 10 E.

REDFORD TOWNSHIP

WAYNE COUNTY    MICHIGAN

RECORDED MAY 22, 1926, LIBER 60, PAGE 18 PLATS

began a lumber and building supply business on the property, September 5, 1945, and plaintiffs were promptly notified by defendant's building inspector that such use of the property would be prohibited..

On April 12, 1942, the township's zoning ordinance became effective, providing for a front yard as to residence property of a minimum depth of 25 feet and for a rear yard minimum depth of 20 feet for a one-story building and of 25 feet for a two-story building. The ordinance classified plaintiffs' land as follows: that portion not in dispute, 36 feet on Plymouth road and 120 feet along Centralia, was classified as business property and the remaining portion, 540 feet along Centralia by 36 feet in depth, was classified as residential and it is the latter portion, 540 by 36 feet, that is involved in this litigation.

The township passed an "interim" zoning ordinance which went into effect October 2, 1945, which among other things authorized the township board of appeals:

"To permit variations in the requirements for outer courts in dwellings, and to permit such variation or modification of yard, lot area, and percentage of lot coverage requirements of this ordinance as may be necessary to secure an appropriate improvement of a parcel of land which at the effective date of this ordinance had such peculiar or exceptional geographical, or topographical conditions that it cannot be appropriately improved without such variation or modification, provided that the purpose and spirit of this ordinance shall be observed, public safety secured, and substantial justice done."

Witness Ray W. Tuer, produced by defendant, testified as to possible use of the lands in question for residential purposes as follows:

"This particular (sketch) * * * is a one-bedroom affair. It has a bedcloset which means you have a bed in a closet that can be pulled out

into the living room something like a Murphy bed; an average-size kitchen and a fair-sized living room and also a bath.  *  *  *  The back yard  *  *  * (would be) nine foot by the width of the lot. *  *  *  Frontage  *  *  * between the house and the street  *  *  * (would be) 15 feet. That would provide a living room, kitchen, bedroom, bathroom and bedcloset. In my opinion a house of that type would be salable. There are numerous people that would like to have single-bedroom houses. *  *  *  You could add another bedroom and a full sized  *  *  * (bath) and you might be able to work out a three-bedroom affair.''

Defendant township did not tender to plaintiffs any modification of its zoning ordinances that would permit a building such as that described by witness Tuer to be erected. See *City of Pleasant Ridge* v. *Cooper,* 267 Mich. 603, 607, 608. It appears to us that such a building would be out of line with other buildings in the locality, if it had been permitted. We further find the proposed residential use is impractical, and that the building described by witness Tuer would be unsightly.

It is practically impossible to use the lands in question for residential purposes. We find that the zoning ordinances as applied to the property in question are unreasonable and confiscatory, and therefore illegal. See *City of North Muskegon* v. *Miller,* 249 Mich. 52, 59.

The decree appealed from enjoined defendant from enforcing the ordinances against the property in question. That decree is affirmed. Costs to plaintiffs.

Butzel, C. J., and Carr, Bushnell, and Sharpe, JJ., concurred with Reid, J. Boyles and North, JJ., concurred in the result. Starr, J., took no part in the decision of this case.