V. T. JAMES v. HARRY N. SUTTON. Chief Building Inspector of the CITY OF CHARLOTTE, and the CITY OF CHARLOTTE, a Municipal Corporation.

(Filed 24 November, 1948.)

**1. Municipal Corporations § 37—**

The power of the governing body of the City of Charlotte to zone, both under the ordinance and the statute, is non-delegable, and therefore the municipal Board of Adjustment has no power to authorize a type of business or building prohibited by the municipal zoning ordinance. G.S. 160-172 *et seq.*

**2. Same—**

The municipal zoning ordinance in question provided that only structures intended "to be used in whole or in part for any of the following specified purposes" should be erected or altered, and then gave in succeeding sections those enterprises which were permitted and those which were prohibited. *Held:* The language "to be used in whole or in part" is controlling, and the ordinance does not require that property be used exclusively for the purposes specifically authorized in order to be permitted.

**3. Same—Proposed use of premises held not prohibited by zoning ordinance and board of adjustment should determine petition on the merits.**

Petitioner sought a building permit for the erection of a candy factory and a candy retail sales room. The zoning ordinance in question permitted the erection of buildings in the zone to be used in whole or in part for retail of articles manufactured on the premises provided such use was not injurious to adjacent premises by reason of the emission of dust, fumes, smoke, etc. *Held:* The enterprise is not prohibited by the ordinance, and the Board of Adjustment should determine the application on its merits upon the basis of the good faith of petitioner's intention to use a substantial part of the structure for retail sales, and as to whether the manufacture and wholesale marketing of candy would be injurious to adjacent premises or in conflict with the general intent and purpose of the ordinance.

APPEAL by respondents from *Coggin, Special Judge,* June Extra Term, 1948, MECKLENBURG.

Petition for writ of *certiorari* to review an order of the Board of Adjustment of the city of Charlotte.

In June 1947 the city of Charlotte adopted a comprehensive zoning ordinance covering all property within its corporate limits. This ordi-

nance creates districts designated as B1 districts. The uses to which property in a B1 district may be subjected are defined as follows:

## "SECTION V—BUSINESS 1 DISTRICT

"(A) USES

"Within any B1 district, as indicated on the Building Zone Map, only buildings, structures, or land intended or designed to be used in whole or in part for any of the following specified purposes shall be erected or altered:

"(I) RESIDENCE 2 USES

"Any use permitted in Section IV of this ordinance shall be permitted in B1 Districts.

"(II) OTHER USES

"(a) (RETAIL BUSINESS) Commercial billboards or advertising signs. Restaurant. Hand Laundry, with five (5) or less employees. Ice delivery station. Shop for making articles to be sold at retail on the premises. Any other enterprise for profit, for the convenience and service of, and dealing directly with and immediately accessible to the ultimate consumer, and being an enterprise not mentioned as prohibited in a B2 District and not injurious to adjacent premises or occupants thereof by reasons of the omission (sic) of dust, fumes, smoke, odor, or noise."

Subsections b, c, and d are not material to the question presented.

Petitioner owns a lot in Charlotte, purchased in 1944, located at 1543-45 West Trade Street, in a B1 district as designated in the ordinance. On 26 February 1948, he applied to the building inspector for a permit to build a candy factory on said lot. The building inspector declined to issue the permit and he appealed to the Board of Adjustment. The appeal was heard 2 March, and the Board, by resolution, sustained the building inspector and denied the building permit. Thereupon the petitioner applied to the Superior Court for a writ of *certiorari* which was issued 26 April 1948.

At the hearing on the appeal before the Board of Adjustment, it was made to appear to the Board that petitioner desired to construct a building on his lot to be used as a candy factory and a candy retail sales room; that he would employ eight to ten people; and that from 15% to 20% of the candy manufactured would be sold at retail on the premises and the balance wholesale; and the Board found these to be the facts.

When the cause came on for hearing in the court below, it was made to appear to the court by admission of counsel that the Board denied petitioner's application for a building permit for the reason it believed itself without legal power to grant the same. The court, being of the opinion the Board of Adjustment is vested with authority to permit a noncon-

forming use and therefore acted under an erroneous conception of the law, vacated the order of the Board and remanded the proceeding to the Board for a new hearing. The respondents excepted and appealed.

*J. Spencer Bell and Guy T. Carswell for petitioner appellee.*
*John D. Shaw for respondent appellants.*

BARNHILL, J.   The court below was in error in concluding that the Board of Adjustment possesses authority to permit a nonconforming use to be made of property zoned under the city of Charlotte zoning ordinance.   The power to zone is conferred upon the governing body of the municipality.   G.S. 160-172 *et seq.*   That power cannot be delegated to the Board of Adjustment.   Hence it has no power either under the statute or under the ordinance to permit a type of business or building prohibited by the ordinance, for to do so would be an amendment of the law and not a variance of its regulations.   We so held in *Lee v. Board of Adjustment,* 226 N. C. 107, 37 S. E. (2) 128, and we adhere to that decision.

But on this record the petitioner does not seek a permit to erect a nonconforming building or a building for a nonconforming use.   He proposes to use the building in part for the retail sale of candy "dealing directly with and immediately accessible to the ultimate consumer" and the proposed business is not one "mentioned as prohibited in a B2 District."

The ordinance does not restrict the buildings within a B1 district to use for the retail sale of merchandise only.   They must be used "in whole or in part" for one of the specified purposes or for the sale of merchandise directly to the ultimate consumer.

We find nothing in the ordinance which can be construed to indicate that the governing body of Charlotte intended to prohibit a combination candy factory and retail sales plant in a B1 district or to characterize such business as objectionable *per se* when erected and maintained in such district.   Indeed, shops to be used in whole or in part for making articles to be sold at retail on the premises are expressly permitted.   If it intended to restrict B1 districts to businesses engaged exclusively in the retail sale of merchandise, as the Board seems to have concluded, it failed to use language sufficient to accomplish that purpose.   The language "to be used in whole or in part" contained in Section V of the ordinance is controlling.

Whether the additional use for the manufacture and wholesale marketing of candy will be "injurious to adjacent premises or occupants thereof by reasons of the omission (*sic*) of dust, fumes, smoke, odor, or noise" or is a variance in conflict with the general purpose and intent of the ordinance and does violence to its spirit is for the Board to decide.

The cause must be remanded to the Board of Adjustment for a hearing on the merits of the application. If it finds as a fact that the petitioner intends in good faith to use a substantial part of the proposed building for the retail sale of·candy, then it is for the Board to decide whether the additional use for the manufacture and marketing of candy at wholesale is, under all the circumstances, in accord with the ordinance. If so, the permit should be granted.

The court below is directed to enter its order in accord with this opinion and to that end the cause is

Remanded.