19042. HUMTHLETT *et al.* *v.* REEVES *et al.*
19043. REEVES *v.* HUMTHLETT *et al.*

ARGUED SEPTEMBER 12, 1955—DECIDED OCTOBER 13, 1955—REHEARING DENIED NOVEMBER 16, 1955.

*Raymond M. Reed, Powell, Goldstein, Frazer & Murphy,* for plaintiffs in error.

*Harold S. Willingham, Howell C. Ravan, Allen Post, Moise, Post & Gardner, Bryan, Carter, Ansley & Smith, J. G. Roberts,* contra.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Henry L. Bowden, Martin McFarland, Newell Edenfield,* for parties at interest not parties to record.

ALMAND, Justice. This is a continuation of the litigation reported in 211 *Ga.* 210. It involves the use of certain property owned by the defendant Reeves in Cobb County, and his right to establish a cemetery thereon against the objections of Humthlett and others that said property had been zoned exclusively for residential and agricultural purposes under an ordinance of 1939, passed pursuant to the authority granted by the act approved December 27, 1937 (Ga. L. 1937-38, Ex. Sess., p. 790). When the case was here before, we held that, under the zoning ordinance of 1939, the defendants' property was zoned for agricultural and residential purposes pursuant to the above-cited act, and that the defendant Reeves could not lawfully establish a cemetery on the property, and reversed the trial court's refusal to grant an interlocutory injunction. Before the remittitur of this court was made the judgment of the lower court, the defendants filed an amendment to their answer, to which they attached a copy of a zoning resolution issued by the Cobb County Planning Commission on March 1, 1955, wherein the property of the defendants involved in this litigation was zoned for cemetery purposes. The plaintiffs filed demurrers to this amendment, and asserted that the zoning resolution of March 1, 1955, was

passed by the planning commission by virtue of the zoning act approved January 29, 1943 (Ga. L. 1943, p. 902), as amended by the act approved February 25, 1949 (Ga. L. 1949, p. 1499), and that said zoning act as amended was unconstitutional and void for reasons that will be stated hereafter. (The defendants, when this case was here before, attacked these acts upon the same grounds as asserted by the plaintiffs. We did not pass upon these attacks, as the case turned upon other grounds. On the last trial the defendants struck from their answer the several attacks they had made on the validity of these acts.) The defendants further amended their answer by asserting that application of the zoning ordinance to their property would be arbitrary and would deprive them of property rights under named provisions of the State Constitution. The case came on for trial before the judge without the intervention of a jury, under a stipulation that he was to pass upon all issues of fact and law as to the grant or refusal of a permanent injunction. After hearing evidence, the judge entered a final decree on May 13, 1955, and after making findings of fact and conclusions of law, denied the plaintiffs' prayer for a permanent injunction. The plaintiffs assign error on the judgment overruling their demurrer to the amendment to the answer of the defendants, on all findings of fact and conclusions of law which were adverse to them, and on the refusal to grant an injunction. The defendants by cross-bill of exceptions assign error on certain findings of fact and conclusions of law which were adverse to them.

1. The plaintiffs, by demurrer and also by an amendment to their petition, attack the constitutionality of the zoning act of 1943 as amended by the act of 1949. The trial court upheld this act as amended.

Whatever authority the Cobb County Planning Commission had to zone the property of the defendants for cemetery purposes is dependent entirely upon the question of whether or not the act of 1943 as amended is valid.

The plaintiffs assert that these acts are invalid, because they violate art. 3, sec. 7, par. 23 of the Constitution of 1945 (Code, Ann., § 2-1923), as well as the similar provision in the Constitution of 1877 as amended (art. 3, sec. 7, par. 26). Both the amendment to the Constitution of 1877, and the Constitution of

1945, provide that "The General Assembly of the State shall have authority to grant the *governing authorities* of the municipalities and counties authority to pass zoning and planning laws." (Italics ours.) It is contended that the act of 1943 as amended in 1949, in establishing the Cobb County Planning Commission, whose members are appointed by the Advisory Board of Cobb County, and empowering it to enact zoning laws, is invalid, because this body is not the governing authority of Cobb County; but that the commissioner of roads and revenues of the county is its governing authority, and that any zoning law or regulation enacted by any authority other than said commissioner violates the above constitutional provisions as to the authority of the General Assembly to delegate legislative power to the governing authorities of Cobb County; and that said act violates the rights of the plaintiffs under the due-process clause of the Constitution of Georgia, in that all of the property of the petitioners and the defendants was zoned in 1939 for agricultural and residential purposes only, as well as violating other enumerated provisions of said Constitution.

The question, then, is whether or not the Cobb County Planning Commission is the governing authority of Cobb County, within the meaning of that phrase as used in the provision of the Constitution which authorizes the General Assembly to delegate to a county the authority to enact zoning and planning laws. The act approved August 7, 1924 (Ga. L. 1924, p. 314), creates a Commissioner of Roads and Revenues of Cobb County, defining his duties and powers, and as amended by the act January 29, 1943 (Ga. L. 1943, p. 892), he exercises "all the powers and duties heretofore vested in the ordinary of said county when sitting for county purposes, and shall exercise such other powers and duties in connection therewith as are granted by law or may be indispensable to his jurisdiction over county matters, except that in financial matters he shall be subject to the limitations hereinafter provided." (P. 897, sec. 4). This last restriction refers to the authority of the advisory board created by sec. 9 of the act approved August 7, 1924 (Ga. L. 1924, pp. 314, 319), which provides that the ordinary and clerk of the superior court of said county are designated as constituting an advisory board acting with the commissioner. This act limits their duties as to

specific matters relating to county financial affairs. The act provides that neither the ordinary nor the clerk shall have any supervision or control over the affairs of the county delegated to the commissioner, but they were to serve as advisers in financial matters only pertaining to the interest of the county directly.

By the act of 1937 (Ga. L. 1937-38, Ex. Sess., p. 790), the commissioner was authorized and empowered to pass and enforce zoning and planning ordinances; and it was under this authority that the commissioner promulgated the zoning ordinance of 1939, wherein the property of the plaintiffs and defendants was zoned for residential and agricultural purposes. In 1943 (Ga. L. 1943, p. 902), the General Assembly created a board to be known as the Cobb County Planning Commission, to consist of five members, viz., the commissioner of roads and revenues, the clerk of the superior court, the ordinary, the county engineer, and the county health officer, and empowered said commission to enact zoning regulations throughout the territorial limits of the county. Sec. 1 of that act was stricken by amendment in 1949 (Ga. L. 1949, p. 1499), and that amendment established a planning commission consisting of five members, to be appointed by the Cobb County Advisory Board, with one member of the advisory board to be a member of the planning commission. Under the act of 1943 as amended in 1949, the commissioner of roads and revenues is not given any power over said commission, nor is it required that he approve any zoning ordinance or resolution issued by the planning commission. Under these acts, the planning commission is clothed with the sole power and authority to create and establish restricted zones or districts throughout the territorial limits of Cobb County.

The generally accepted meaning of the phrase "governing authority" or "governing body," in reference to the operation of city or county governments, is a council or board performing legislative functions (Mayor &c. of Rutherford v. Hudson River Traction Co., 73 N. J. L. 227, 63 Atl. 84, 88); and in In re Pfahler, 150 Cal. 71 (88 Pac. 270, 11 L. R. A. (NS) 1092, 11 Ann. Cas. 911), it was held that such phrase used in the Constitution should be understood in the same sense as a corporate authority.

It has been held that, where it is required that the zoning power be exercised by official action of the zoning body of a

municipality, it cannot be delegated to administrative officers, boards, or individuals. Bray *v.* Beyer, 292 Ky. 162 (166 S. W. 2d 290 (1)); Driskell *v.* Board of Adjustment (Tex. Civ. App.), 195 S. W. 2d 594 (3); James *v.* Sutton, 229 N. C. 515 (50 S. E. 2d 300 (1)). As a general rule, statutes delegating legislative power to local authorities are presumed to be valid, but are to be strictly construed against any greater delegation of power than that which clearly appears from the language used. Stout *v.* City of Clovis, 37 N. M. 30 (16 Pac. 2d 936, 938).

The Commissioner of Roads and Revenues of Cobb County exercises the same jurisdiction over county matters that was formerly exercised by the ordinary. Webster's International Dictionary defines the word "govern" as "To direct and control the actions or conduct of, either by established laws or by arbitrary will." At the time the Constitution of Georgia was amended in 1937, as well as in 1945, there was not in existence in any of the counties of Georgia any elective county officers known as a county planning commission or board.

The function of a planning board or commission, as a general rule under zoning laws, is to act as an advisory or recommending agency to the legislative department of a city or county in the passage of zoning ordinances and amendments to them. *Morgan* v. *Thomas,* 207 *Ga.* 660 (63 S. E. 2d 659). Under the general zoning act of 1946 (Ga. L. 1946, pp. 191, 193, 194; Code, Ann. Supp., §§ 69-803, 69-810, 69-814), the planning board is not a legislative body. From an examination of the various laws authorizing counties or municipalities to enact zoning laws, the writer of this opinion has found no instance where the General Assembly has granted legislative powers to a planning board or commission. Such authority was granted to the City of Macon and Bibb County, not by the General Assembly, but by an amendment to the Constitution. Ga. L. 1947, p. 1240.

It seems clear to us that, in drafting the amendment of 1937 and the Constitution of 1945, the words "governing authorities" were meant to refer to the city or county authorities who had authority to govern in the usual sense of these words, and to mean such city or county board as had the authority to exercise general and not limited powers. At the times these provisions were written, the governing authorities of the counties of this

State were either the ordinary or county commissioners. Therefore, the governing authority of Cobb County in 1943 and 1949 was the commissioner of roads and revenues, and the legislature exceeded its authority when it created a planning commission with authority to enact zoning laws and regulations for Cobb County, and therefore the Cobb County Planning Commission was wholly without any power to promulgate an ordinance zoning the defendants' property for any purpose, and such zoning was void and of no effect.

In view of the foregoing rulings, it becomes unnecessary to pass upon the plaintiffs' attack upon the act of 1924 creating an advisory board of Cobb County to act with the commissioner of roads and revenues as to certain matters.

2. Having held the acts of 1943 and 1949, under which the property of Reeves was zoned for cemetery purposes in 1955, to be invalid, and in our previous ruling having held that the zoning act of 1937 was valid—we come next to the question of whether or not the zoning ordinance of 1939, which zoned the property here involved for residential and agricultural purposes, is invalid for any reason assigned. The trial court made the following finding of fact and conclusion of law: "I further find that the zoning done on October 12, 1939, under the act approved December 27, 1937 (Ga. L. 1937-38, Ex. Sess., pp. 790-793) establishing Cobb County Zoning District No. 4, was constitutional, lawful and binding at the time that it was made, and that said 1937 act is not subject to the constitutional attacks made upon it by the defendant Reeves, except I do find, however, that since the 1939 zoning under the 1937 act, conditions have changed, and any present enforcement of such 1939 zoning under the 1937 zoning act for purposes of agriculture and residence, if applied to the Reeves property, would be arbitrary and capricious at the present time, and in violation of section 2-103 of the Code of Georgia, and of the Fourteenth Amendment of the Constitution of the United States."

The defendants insist that this finding is abundantly supported by the evidence, and if this finding and conclusion of the court is correct, then, so far as the particular property of the defendants is concerned, there would be in existence no zoning ordinance forbidding the defendant Reeves from using his property for cemetery purposes.

"Any municipal ordinance that is unreasonable will be held void." *Snow* v. *Johnston,* 197 *Ga.* 146, 160 (28 S. E. 2d 270); *Howden* v. *Mayor &c. of Savannah,* 172 *Ga.* 833 (159 S. E. 401); *Schofield* v. *Bishop,* 192 *Ga.* 732, 738 (16 S. E. 2d 714). Where it is claimed that a zoning ordinance is unreasonable as to a particular tract of property, or that a change of conditions has rendered the ordinance unreasonable when applied to the particular property, the burden is on the owner of such property to produce sufficient evidence from which the court can make findings of fact and law such as would justify a holding as a matter of law that the ordinance is arbitrary and unreasonable. It would not be sufficient to show that a more profitable use to the owner of the property could be made, or that such other use will not cause injury to the public, but there must be a showing of an abuse of discretion on the part of the zoning authority, and that there has been an unreasonable and unwarranted exercise of the police power. Wilkins *v.* City of San Bernardino, 29 Cal. 2d 332 (175 Pac. 2d 542 (5)), and citations therein. It has been said that circumstances under which zoning ordinances have been held invalid, as applied to certain specific property, fall into three general classes: (1) where a small parcel of property is zoned for residential purposes, when it is entirely surrounded by commercial or business enterprises; (2) where property zoned for residential use is entirely unsuited for residential purposes; or (3) where the purpose of the ordinance is not to protect the public health, safety, morals, or general welfare. Wilkins *v.* City of San Bernardino (Cal. App.), 162 Pac. 2d 711 (7). A zoning ordinance may in its general aspects be valid, and yet, as to a particular state of facts involving a particular parcel of real estate, be so clearly arbitrary and unreasonable as to result in confiscation, thereby justifying the interposition of a court of equity to restrain its enforcement. Douglas *v.* Village of Melrose Park, 389 Ill. 98 (58 N. E. 2d 864 (3), 865). In Forde *v.* City of Miami Beach, 146 Fla. 676 (1 So. 2d 642 (5)), it was held that a zoning ordinance must not infringe the constitutional guaranties of national or state constitutions by invading personal or property rights unnecessarily or unreasonably; and if the application of a zoning ordinance has the effect of completely depriving an owner of the beneficial use of his property by pre-

cluding all uses, or the only use to which it is reasonably adapted, an attack upon the validity of the regulation, as applied to the particular property involved, will be sustained. In Cleveland, C. C., &c. Ry. Co. *v.* Grambo, 103 Ohio 471 (134 N. E. 648, 652, 20 A. L. R. 1214), it is said that, in determining the reasonableness of an ordinance based upon statutory authority, such determination must be made under the circumstances and conditions of the case at the present time, and not contemporaneous with the passage of the original ordinance. In Fischer *v.* Bedminster TP, 11 N. J. 194 (93 Atl. 2d 378 (6)), it is held that a zoning ordinance which is reasonable today may at some future time, by reason of changed conditions, be unreasonable, and if so, it may be set aside. "The validity of city zoning ordinance depends upon facts existing at the time validity is questioned, and confiscatory character of the ordinance can be proven by conditions then existing." Bronxville Associates, Inc. *v.* Brady, 36 N. Y. S. 2d 308 (4). See also Oschin *v.* Redford TP, 315 Mich. 359 (24 N. W. 2d 152); City of Shreveport *v.* Shreveport Ry. Co., 38 Fed. 2d 945; *Barfield* v. *City of Atlanta, 53 Ga. App.* 861 (1) (187 S. E. 407); 8 McQuillin on Municipal Corporations (3d ed.) 86, § 25.45.

When this case was here before (211 *Ga.* 210, 221 (4)), we held that the act of 1937 with all zoning thereunder was not unconstitutional because violative of the due-process clauses of the State and Federal Constitutions, and that the zoning of the defendants' property for residential and agricultural purposes was not arbitrary and unreasonable. The question then made was whether the trial court erred in holding that the *act* of 1937 was void. The question now is, whether the application of the *zoning ordinance* as now applied to the defendants' property is arbitrary and unreasonable. Though it appears from the record of the former hearing, as well as the present record, that the defendants' property was now being used for agricultural purposes, with two or more residences on the same, there was only slight evidence in the former record as to conditions, circumstances, and uses of other property in Zone 1.

Considerable new evidence was introduced on the last hearing relating to change in conditions and uses of the property in Zone 1 and adjacent to the defendants' property or the imme-

diate vicinity. It appears that, since the defendants' property was zoned for residential and agricultural purposes in 1939, there has been built, on property which adjoins that of the defendants, by the United States Government, an airplane factory commonly known as the "Bomber Plant," or "Lockheed Plant," engaged in the manufacture of airplanes; and there is also adjacent to the property of the defendants an air base known as Dobbins Air Base, and during the interval between 1939 and 1955 several commercial enterprises have been erected and maintained near the property of the defendants, and there are several business enterprises located in Zone 1. It also appears that a 4-lane highway known as U. S. 41 runs alongside the property of the defendants; that an air strip is maintained near the edge of the Reeves property for the landing and taking off of airplanes from the Lockheed property. There was also introduced in evidence by the defendants an aviation easement, whereby one O'Beirne, a predecessor in title to a portion of the property of the defendants, conveyed to the United States of America an easement or right-of-way "for the free and unobstructed passage of aircraft in, through, and across the air space above the glide angle" over a certain portion of the property described in the easement. In this easement, the grantor granted to the grantee the right to clear and keep clear the land of any and all obstructions infringing upon or extending into and above the glide angle plane, with the right to cut trees, underbrush and soil and to demolish and remove buildings or obstructions infringing upon the easement right. A member of the planning commission testified that the defendants' property was not suitable for residential purposes, "because the Air Force has asked us to limit the height to 15 feet and to have no trees any higher than 15 feet, limit the height of any structure on the property to 15 feet"; and further testified that in his opinion the defendants' property was too valuable for use for agricultural purposes. Another witness, A. P. Jones, testified that he owned and lived on property not far removed from the defendants' property, and that such property was adversely affected due to its proximity to Lockheed and Dobbins Air Base, and for that reason could not possibly be used for residential purposes.

In our opinion, the evidence as to change of conditions and

circumstances between 1939 and 1955, as to uses of the property adjacent to or near the defendants' property, was sufficient to warrant the conclusion on the part of the trial judge that to apply the provisions of the ordinance of 1939 to the property of the defendants would render such ordinance arbitrary and unreasonable; and his conclusion that the ordinance when so applied was capricious and arbitrary, being supported by the evidence, will not be disturbed.

3. Having reached the conclusion that the ordinance of 1939, zoning the defendants' property for residential and agricultural uses, cannot be validly applied to said property, and it not appearing that there is any other zoning ordinance or regulation which forbids the defendants from maintaining a cemetery on their property, it was not error for the court to refuse to grant a permanent injunction.

Having held that the court did not err in refusing to grant a permanent injunction, it becomes unnecessary to pass upon the issues raised by the cross-bill of exceptions, which will be dismissed.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur, except Duckworth, C. J., Candler and Hawkins, JJ., who dissent from the rulings in the second and third divisions of the opinion and from the judgment.*

DUCKWORTH, Chief Justice, dissenting. Briefly stated, I can not concur in the rulings made in divisions 2 and 3 and the corresponding headnotes of the opinion, and the judgment of affirmance, because I regard it utterly unsound to rule as the majority does that, despite the fact that the zoning ordinance was perfectly legal and valid when adopted, it has now, many years thereafter, become invalid when applied to the lands in controversy. If a law is valid when enacted, it remains valid until changed or repealed by the legislative department, which is a function beyond the scope of judicial power. The majority opinion puts the judicial department into the business of legislating and zoning property. Justices Candler and Hawkins concur in this dissent.

On Motion for Rehearing.

Almand, Justice. Counsel for the plaintiffs in error in their motion for a rehearing contend that the Cobb County Zoning Ordinance of 1939 is a State law having the effect of a statute law, and, being valid at the time of its enactment, does not become invalid by virtue of a change of conditions.

The act of the General Assembly of 1937, which authorized the Commissioner of Roads and Revenues of Cobb County to promulgate zoning laws, specifically authorized him "to make, promulgate and declare zoning ordinances." Ga. L. 1937-38, Ex. Sess., pp. 790-91. An ordinance enacted by a county legislative body is a law, but it is not a State law. The words "any law of the State of Georgia" mean enactments of the General Assembly. *Maner* v. *Dykes*, 183 *Ga.* 118, 121 (187 S. E. 699). Bearing in mind that we are dealing with a law enacted under the police power, restricting the use of private property, and that no legislative body may provide restrictions on its use that are arbitrary or unreasonable, we have been pointed to no authority, nor have we found any, that prohibits a court from inquiring into the reasonableness or unreasonableness of a law enacted under the police power, and from declaring it unreasonable by reason of circumstances and conditions existing at the time its reasonableness was questioned, though it be reasonable at the time of its enactment. "A statute valid as to one set of facts may be invalid as to another. A statute valid when enacted may become invalid by change in the conditions to which it is applied. The police power is subject to the constitutional limitation that it may not be exerted arbitrarily or unreasonably." Nashville, C. & St. L. Ry. Co. *v.* Walters, 294 U. S. 405, 415 (55 Sup. Ct. 486, 79 L. ed. 949). See also Poindexter *v.* Greenhow, 114 U. S. 270 (5 Sup. Ct. 903, 29 L. ed. 185); Perez *v.* Fernandez, 220 U. S. 224 (31 Sup. Ct. 412, 55 L. ed. 443); Abie State Bank *v.* Bryan, 282 U. S. 765 (51 Sup. Ct. 252, 75 L. ed. 690); In re Opinion of the Justices, 278 Mass. 607 (181 N. E. 833).

We did not overlook *Reeves* v. *Comfort*, 172 *Ga.* 331 (157 S. E. 629), or *Dooley* v. *Savannah Bank & Trust Co.*, 199 *Ga.* 353 (34 S. E. 2d 522). Those cases involved an effort on the part of the grantee or his successor in title, in a deed containing restrictive covenants as to the use of the granted premises, to have such covenants declared unreasonable and void by reason of

changed conditions affecting the property. There, the owner of the property subject to the restrictions voluntarily assumed them, whereas in the instant case the restrictions on the defendants' property were imposed by an ordinance enacted under the police power. We know of no constitutional inhibition that prevents a person from agreeing to restrict the use of his property to certain limited purposes, but where the restrictions as to the use of private property are imposed by law, such law must not violate the constitutional rights of the owner.

*Motion for rehearing denied. All the Justices concur, except Duckworth, C. J., and Candler and Hawkins, JJ., who dissent.*