# Duggar v. The East Tennessee, Virginia and Georgia Railway Company.

A rule *nisi* taken by consent of both parties at an adjourned term of the superior court, on a motion for a new trial made in the interval between the regular term when the verdict was rendered and the adjourned term, cures an omission to sign the motion, and the irregularity in the time of making it.

May 7, 1890.

New trial. Practice. Before Judge Milner. Gordon superior court. August term, 1889.

Reported in the decision.

R. J. & J. McCamy, for plaintiff.

Bacon & Rutherford and S. P. Maddox, by brief, for defendant.

Blandford, Justice.

This case was tried in the superior court of Gordon county on the 6th day of September, and the court, on account of the sicknesss of the presiding judge, was then adjourned until the 12th day of September thereafter. The sickness of the judge continuing, court was further adjourned until the 30th day of September thereafter. During this time the defendant in error moved the court for a new trial upon several grounds, which motion was written out, but had not been signed by counsel or the party. On the 30th of September, during the term of Gordon superior court, the motion was filed in office by the clerk, the brief of evidence approved by the judge presiding, and a rule *nisi* was granted by the court requiring the plaintiff to show cause before him, during the next term of Whitfield superior court, why a new trial should not be granted. This order was taken, it appears, by consent of counsel for both parties in the case. When the motion came on for a hearing at Whitfield superior court, the plaintiff (Duggar) moved the court to dismiss the motion for

a new trial upon the ground that the motion was made in vacation and not during a regular term of the court. This motion was overruled, and plaintiff excepted.

We think that although the motion for a new trial was made at a time when the court was not in session, yet, as the ru'e *nisi* was granted during the term of the court at which the trial was had, to wit, on September 30th, which was an adjourned day of the same term of the court, it may very fairly be considered that the motion was made in time and in term, and at the same term at which the judgment was rendered, the adjourned term being but a part of that same term ; and that every defect which existed prior to the grant of the rule *nisi* was thereby cured ; and therefore the motion is to be considered as having been made at the proper term.                    *Judgment affirmed.*