36108.   CITY OF ROME, &c., *v.* SHADYSIDE MEMORIAL GARDENS, INC.

DECIDED APRIL 12, 1956.

*Horace T. Clary, Parker, Clary, Kent & Grubbs,* for plaintiff in error.

*Wright, Rogers, Magruder & Hoyt,* contra.

QUILLIAN, J. The construction of a zoning ordinance, under the facts, is a question of law for the courts, and in construing same the cardinal rule is to ascertain and give effect to the intention of the lawmaking body. Zoning ordinances not only must be non-discriminatory and reasonable, but must be applied in a non-discriminatory and reasonable manner and are to be strictly construed in favor of the landowner. Moorehouse *v.* Hunt, 235 Wis. 358 (291 N. W. 745); Yokley Zoning Law and Practice, pp. 466, 467; Illinois Bell Telephone Co. *v.* Fox, 402 Ill. 617 (85 N. E. 2d 43); Monument Garage Corporation *v.* Levy, 266 N. Y. 339 (194 N. E. 848).

Under the agreed statement of facts in this case, it is crystal-clear that the intention of the governing authorities of the City of Rome, since the adoption of the Rome Zoning Ordinance in 1948 and up to the time of the filing of this action, was to permit cemeteries in R-1 and R-1A zones. Such intention on the part of the Rome authorities was reaffirmed in 1954 by the action of the city authorities in classifying as R-1A a private cemetery which was at that time taken into the city. Certainly to deny defendant in error the right to operate its cemetery under the agreed facts in this case is unreasonable and discriminatory and without reasonable basis to be justified or made valid under the police power of the city.

Therefore, the trial court did not err in reversing the decision of the Board of Adjustments of the City of Rome upholding the action of the building inspector.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*