Keating, J.
Plaintiffs appeal from an order of the Appellate Division reversing on the law and facts a judgment of the Supreme Court, Nassau County, declaring article VIII, sections 23 and 24 of a Revised Zoning Ordinance of defendant City of Glen Cove to be unconstitutional and invalid as applied to plaintiffs’ property. We hold that the ordinance is confiscatory in its effect and that the court below erred in ruling that the validity of the ordinance was at best fairly debatable and thus not unconstitutional. (Summers v. City of Glen Cove, 21 A D 2d 884.)
Plaintiffs have shown that their property cannot be utilized economically for the purposes permitted by the ordinance. The property is an irregularly shaped corner plot on the, southeast corner of Glen Cove Avenue (a heavily travelled arterial high *309 way a villi a largo percentage of truck traffic) and LaMarcus Avenue, consisting of about one-half acre and having frontages of 251 feet on the east side of Glen Cove Avenue and 60 feet on the south side of LaMarcus Avenue. With the exception of this property and the plot across LaMarcus Avenue to the north, Glen Cove Avenue on both sides of the street for about one-half mile in either direction is zoned for and developed for business or apartment house uses. For example, the adjoining property to the south is used as a machine shop by virtue of a variance permitting light manufacturing, Avhile other parcels in the immediate vicinity are occupied by a plumbing shop, a bar and grill, a glass works, several gas stations, an auto body shop, etc.
Plaintiffs ’ property, hoAvever, is zoned ‘ ‘ B-2 ’ ’ and the permitted uses pursuant to the ordinance are for all practical purposes limited to a one unit, single-family dwelling and a florist or nursery operation. Other permitted uses such as municipal buildings, schools, churches, laboratories and nonprofit museums are of no help to plaintiffs. Moreover, as the trial court found, the florist operation scarcely offered a solution for this property.
The proof was overwhelming that a one-family dwelling would be economically unfeasible on so large a plot. As an example, the house on the plot to the north across LaMarcus Avenue was constructed in 1953 but there Avas great difficulty in selling it because of the unsuitability of the location, and it was eventually sold for less than the actual construction cost. While it is true that LaMarcus Avenue gives access to a fine residential district developed years ago and the restricted zoning of plaintiffs’ property is probably an effort to preserve the atmosphere of this development,* when an ordinance goes so far as to preclude the use of the property for any purpose for which it is reasonably adapted, it is confiscatory and must be held unconstitutional. (Vernon Park Realty v. City of Mt. Vernon, 307 N. Y. 493.)
The present case is similar to that of Rockdale Constr. Corp. v. Incorporated Vil. of Cedarhurst (94 N. Y. S. 2d 601, affd. 275 App. Div. 1043, affd. 301 N. Y. 519) wherein the trial court found *310 “ the property in question to be wholly unadaptable for residential use and finds, further, that the existing ordinance so destroys the value of the property as to amount practically to confiscation and, therefore, it finds that the ordinance is unreasonable, invalid and void as to such property.” (94 N. Y. S. 2d, p. 602.) Similarly, the ordinance under consideration here is unconstitutional as applied to plaintiffs’ property and defendant should be restrained from enforcing the ordinance by restricting the use of plaintiffs’ property to District R-2.
The order of the Appellate Division should be reversed, with costs, and the judgment at Special Term reinstated.
Judges Van Voorhis, Burke and Scileppi concur with Judge Keating ; Chief Judge Desmond and Judges Fuld and Bergan dissent and vote to affirm upon the opinion at the Appellate Division.
Order reversed and judgment of Special Term reinstated, with costs in this court and in the Appellate Division.'

 The property immediately to the east of plaintiffs’ property is zoned residential but is used for a commercial home for the elderly as a nonconforming use.