23742. HOPPING et al. v. COBB COUNTY FAIR ASSOCIATION, INC. et al.

QUILLIAN, Justice. This is an equitable suit brought by adjoining landowners of certain described property which had been rezoned by the Cobb County Board of Commissioners to enjoin the Cobb County Fair Association, Inc., from developing the property for fairground and recreation purposes. The

petition alleges that the action of the Board of Commissioners in rezoning the property so that the Fair Association could conduct a county fair thereon was illegal and void for stated reasons. Hence, the plaintiffs were entitled to a decree declaring the action of the board null and void and an injunction restraining the association from proceeding with development of the land. The trial judge sustained the defendants' renewed general demurrers to the petition as amended and the plaintiffs appeal to this court.

In their petition the plaintiffs attack the validity of the board's action in rezoning the property in question based on two principal grounds, a determination as to the legal effect of which we deem to be dispositive of the case. *Held:*

1. The plaintiffs contend that the rezoning of the property is in violation of the Cobb Zoning Regulations since under those regulations a county fair does not come within the contemplation of the class of property to which the instant property was rezoned, that is, "R Single Family Dwelling District."

The Cobb County Zoning Regulations, relating to "R," provide: "On approval of the Planning Commission, after review of the application and public hearing thereon, the following uses may be permitted . . . [among which are] (f) Athletic fields, race tracks and speedways and recreation areas or structures for public or private uses." We recognize the rule: "Zoning ordinances not only must be non-discriminatory and reasonable, but must be applied in a non-discriminatory and reasonable manner and are to be strictly construed in favor of the landowner." *City of Rome v. Shadyside &c. Gardens,* 93 Ga. App. 759, 763 (92 SE2d 734); *Duncan v. Entrekin,* 211 Ga. 311 (85 SE2d 771). However, even strictly construing the zoning regulation, a county fair or fairground would clearly come within the meaning of a recreational facility as countenanced by the regulation. There is no merit in this contention of the plaintiffs.

2. The plaintiffs urge that, since the board of commissioners acted some 68 days after the application for rezoning was filed, the board's action is void under Ga. L. 1964, pp. 3181, 3182. The statute, after requiring notice and a public hearing, provides: "which public hearing, once begun, may be continued from day to day or to a definitely named date provided that such public hearing shall be concluded within

sixty (60) days from the date of the filing of the original application. . . The governing authority shall have the right to continue the hearing from day to day or to any named day as in his discretion may be deemed advisable." The plaintiffs contend that the requirement that the hearing be concluded within 60 days of the filing of the original application is a mandatory requirement and the failure to comply would render the board's acts nugatory.

The petition alleges that the application for rezoning was filed on October 28, 1965, by the Fair Association; that a hearing was held on December 1, 1965, with the plaintiffs present or represented; that the hearing was then continued until January 5, 1966, at which time, with the plaintiffs again present, a final disposition was made. There are no allegations that any harm accrued to the plaintiffs as a result of the delay. Thus, the rule is applicable: "Where a statute directs the doing of a thing in a certain time, without any negative words restraining the doing of it afterwards, generally the provision as to time is directory, and not a limitation of authority; and in such case, where no injury appears to have resulted, the fact that the act was performed after the time limited will not render it invalid." *O'Neal v. Spencer,* 203 Ga. 588 (2) (47 SE2d 646); *Middleton v. Moody,* 216 Ga. 237, 241 (2) (115 SE2d 567).

The petition having set forth no valid grounds to declare the action of the board void and thus to enjoin the Fair Association, the trial judge did not err in sustaining the general demurrers of the defendants.

*Judgment affirmed. All the Justices concur.*

Submitted October 11, 1966—Decided November 10, 1966.

*Lawrence B. Custer,* for appellants.

*Edwards, Bentley, Awtry & Parker, A. Sidney Parker, J. M. Grubbs, Jr.,* for appellees.