24422. TUGGLE et al. v. MANNING, Chairman, et al.

ARGUED DECEMBER 12, 1967—DECIDED JANUARY 5, 1968—
REHEARING DENIED JANUARY 18, 1968.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, George B. Haley, Jr., Emmet J. Bondurant,* for appellants.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellees.

ALMAND, Presiding Justice. R. S. Tuggle, Sr., and three other named individuals, as the owners and lessee of a described tract of land located in DeKalb County, Ga., known as the Tuggle property, brought an action against the Board of Commissioners of Roads and Revenues of DeKalb County, the Building In-

spector of DeKalb County and the Deputy Building Inspector of DeKalb County seeking to have the "portions of the zoning ordinance of DeKalb County . . . which place the Tuggle property in a Single Family Residential District R-85" declared unconstitutional, null and void as applied to said property and to mandamus the latter two defendants to issue the plaintiffs a certificate of zoning compliance and a building permit for the construction of a shopping center upon the tract in question.

The plaintiffs' petition made the following case. Since June 25, 1946, the Tuggle property has been classified in a residential district which generally restricted the use of the land to single family dwellings and agricultural purposes. While the Tuggle property has been so zoned, the Northeast Expressway (Interstate 85) has been constructed with entrances and exits within approximately 2,100 feet to the west and particularly since 1960 a large number of business establishments have developed within 2,100 feet of the Tuggle property, including an "extremely large complex of multi-story office buildings known as Executive Park, a large multi-story motel known as The Executive Park Motel, two similar multi-story office buildings, a large motion picture theatre known as Martin's Cinerama, a Morrison's Cafeteria, a 'Burger-King' drive-in restaurant and numerous gasoline service stations, including a Standard Oil station contiguous to the Tuggle property." Further, particularly since 1964, a large number of apartment projects have been and are being constructed within a distance of one half mile of the Tuggle property as well as a number of churches in the immediate area of and adjacent to said tract of land. Finally, while the Tuggle property has been restricted for residential use, directly across from said property there has been constructed the Briarcliff High School (1966-1967 enrollment, 1,734), the Kittredge Elementary School (1966-1967 enrollment 786) and a football stadium having a seating capacity of 8,500. Because of the location of the Tuggle property in close proximity to these commercial, apartment, religious and educational developments, said property is no longer desirable for agricultural or single family residential use and cannot economically and practically be used for the purposes permitted by the existing zoning. On several occasions the

plaintiffs have attempted to have their property rezoned for more suitable purposes, but on each occasion their application was denied by the Board of Roads and Revenues of DeKalb County. The shopping center which the plaintiffs desire to construct would be in full compliance with the requirements applicable to uses and structures in local commercial district C-1 which is the zoning classification the plaintiffs sought and were refused. Subsequently, plaintiffs applied to the defendants Building Inspector and Deputy Building Inspector of DeKalb County, whose legal duty it is to issue certificates of zoning compliance and building permits, for a certificate of zoning compliance and a permit to construct a shopping center upon the Tuggle property. Both applications were denied for the reason that the shopping center which the plaintiffs desired to construct on the Tuggle property would not be in conformity with the uses permitted under the Single Family Residential District R-85. These refusals were a gross abuse of discretion and were not justified in that the zoning ordinance restricting the use of the Tuggle property to single family residential purposes is, as applied to the Tuggle property, unconstitutional, null and void. More specifically the petition alleged that the zoning ordinance of DeKalb County which placed the Tuggle property in Single Family Residential District R-85 and restricted the use thereof to agricultural, single family residential or certain specified conditional uses is, as applied to the Tuggle property, unconstitutional, null and void in that it "prohibits the use of the Tuggle property for the only use for which the property is reasonably and economically suited and has the effect of freezing the Tuggle property in its present undeveloped condition and thus, the application of the zoning restrictions to the Tuggle property is the equivalent to a complete destruction of plaintiffs' valuable property rights in the Tuggle property without the prior payment of just compensation therefor since the Tuggle property is entirely unsuited for single family residential or agricultural purposes . . . in violation of Article I, Section III, Paragraph I of the Constitution of the State of Georgia of 1945 (Code Ann. § 2-301), Article I, Section I, Paragraph III of the Constitution of the State of Georgia of 1945 (Code Ann. § 2-103) and the Due

Process Clause of the Fourteenth Amendment to the Constitution of the United States (Code Ann. § 1-815)." Plaintiffs further attacked the zoning ordinance, as applied to the Tuggle property, as being an arbitrary and unreasonable interference with their rights in and use of the Tuggle property.

The prayers of the petition sought to mandamus the Building Inspector and Deputy Building Inspector of DeKalb County to issue to the plaintiffs a certificate of zoning compliance and a building permit for the construction of a shopping center upon the Tuggle property and to have those portions of the zoning ordinance of DeKalb County which place the Tuggle property in a Single Family Residential District R-85, declared unconstitutional, null and void as applied to the Tuggle property.

The defendants filed general demurrers to the petition which, with the consent of the parties, were treated by the court as motions to dismiss for failure to state a claim upon which relief can be granted under Section 12 (b) (6) of the Georgia Civil Practice Act, as amended (Ga. L. 1967, pp. 226, 231; *Code Ann.* § 81A-112 (b) (6)). The case came on for a hearing on September 28, 1967, and after considering the motions, the court dismissed the plaintiffs' petition for failure to state a claim upon which relief can be granted. The appeal is from this order.

"Any municipal ordinance that is unreasonable will be held void. *Snow v. Johnston,* 197 Ga. 146, 160 (28 SE2d 270) ; *Howden v. Mayor &c. of Savannah,* 172 Ga. 833 (159 SE 401) ; *Schofield v. Bishop,* 192 Ga. 732, 738 (16 SE2d 714)." *Humthlett v. Reeves,* 212 Ga. 8, 15 (90 SE2d 14). "An ordinance may be unreasonable or arbitrary, and if it is unreasonable or arbitrary it will be declared void and unenforceable. *Western &c. R. Co. v. Young,* 81 Ga. 397 (7 SE 912, 12 ASR 320) ; *Loeb v. Jennings,* 133 Ga. 796 (67 SE 101, 18 AC 376)." *Schofield v. Bishop,* 192 Ga. 732, 740, supra. "The administration of an ordinance which can not, as a matter of law, be declared to be unreasonable, and which on its face is reasonable, may become unreasonable, and its enforcement improper at certain times or places or under certain circumstances." *City of Acworth v. W & A. R. Co.,* 159 Ga. 610, 619 (126 SE 454). "Zoning ordinances not only must be non-discriminatory and reasonable, but must be applied in

a non-discriminatory and reasonable manner and are to be strictly construed in favor of the landowner. *City of Rome v. Shadyside &c. Gardens,* 93 Ga. App. 759, 763 (92 SE2d 734); *Duncan v. Entrekin,* 211 Ga. 311 (85 SE2d 771)." *Hopping v. Cobb County Fair Assn.,* 222 Ga. 704, 705 (152 SE2d 356).

Although a zoning ordinance may not be per se invalid, yet when the provisions of such an ordinance come to be applied to particular premises, or to particular conditions, or to be considered in connection with specific complaints, some of them may be found to be clearly arbitrary and unreasonable. Hence, the determination of the reasonableness of zoning restrictions must be made in the light of facts presented in each case. 58 AmJur 954, Zoning, § 22. See 101 CJS 809, Zoning, § 68. Zoning laws and regulations must meet the demands of the constitutional prohibition against the taking of private property for public use without just compensation, and restrictions which are arbitrary or unreasonable or lacking in any substantial relation to the public health, safety, morals, or general welfare come within the constitutional inhibition, as where a regulation permanently so restricts the use of property that it cannot be used for any reasonable purpose. 101 CJS 733, 734, Zoning, § 29. See Tews v. Woolhiser, 352 Ill. 212 (185 NE 827). In Eleopoulos v. City of Chicago, 3 Ill. 2d 247, 250 (120 NE2d 555), it was said: "The general scheme of zoning may be valid, yet, when applied to a particular piece of property and a particular set of facts and circumstances it may be so arbitrary and unreasonable as to result in a confiscation of the property." See also Douglas v. Village of Melrose Park, 398 Ill. 98 (58 NE2d 864) and 101 CJS 810, Zoning, § 68. In State v. Miller, 98 Ohio App. 283 (2) (129 NE2d 209), it was said: "Where property is situated at the intersection of two heavily traveled thoroughfares, in the midst of commercial establishments, and has little suitability for residential use, but rather is a prime business site, the zoning thereof for residential uses only has no tendency to promote the public health, safety, morals, convenience, or general welfare, and bears no reasonable relation thereto and, as applied to such property, is arbitrary, unreasonable, and beyond the zoning power."

The plaintiffs' petition alleged in great detail why the Tuggle

property was not desirable for any of the uses permitted by the existing zoning ordinance and why it was unreasonable and arbitrary as applied to the Tuggle property. Further, the petition alleged that the existing zoning ordinance of DeKalb County as applied to the Tuggle property was unconstitutional, arbitrary and unreasonable because it prohibited the use of the property for the only use for which it is reasonably and economically suited having the effect of completely destroying the plaintiffs' valuable property rights in the Tuggle property without the payment of just compensation.

Under the allegations of the petition, the plaintiffs have stated a claim upon which relief can be granted. The allegations adequately show that the zoning ordinance of DeKalb County is unreasonable and arbitrary as applied to the Tuggle property. Thus, it was error to sustain the defendants' motion to dismiss.

Under the above ruling it becomes unnecessary at this time to pass upon the contention that the zoning ordinance in question or its application violates specified provisions of the Federal and State Constitutions. *Great A. & P. Tea Co. v. City of Columbus*, 189 Ga. 458, 465, 466 (6 SE2d 320).

*Judgment reversed. All the Justices concur, except Duckworth, C. J., Grice and Nichols, JJ., who dissent.*

DUCKWORTH, Chief Justice, dissenting. I dissent from the ruling of the majority for the reason that the petition (1) fails to attack or otherwise show wherein the governing authorities have violated the law and the Constitution in the zoning of this property and in failing to rezone it to the particular use of commercial enterprises as requested by the petitioners under the broad discretion to adopt legislation as given to them, and as stated in *Vulcan Materials Co. v. Griffith*, 215 Ga. 811, 815 (114 SE2d 29), that the county authorities may create the number, size and shape of such zones and districts and regulate the use for which they may be set apart as they "may deem best suited to attain the purpose of the zoning regulations," and "they are to be the judges," and (2) it otherwise fails to allege the zoning is arbitrary or capricious but consists of mere conclusions of the pleader without any basis in fact that it (the zoning) "prohibits the use of the Tuggle property for the only use for which the

property is reasonably and economically suited" and "is the equivalent to a complete destruction of plaintiffs' property," nor is it shown that the property "cannot economically and practically be used for the purposes permitted by the existing zoning described." The pleadings point out the conditional uses as well as the residential and agricultural uses to which the property may be put which include churches, schools, clubs and kindergartens, but nowhere allege or show that these are not permitted by any request for same to the governing authority. Rather the pleadings show an unadulterated state of facts that the pleaders conclude "the highest, best and most desirable use" of the property is commercial—which may very well be true—but if they are unable to convince the governing authority, they are at the mercy of the Constitution which gives to the governing authority this broad power without any criteria or standards by which the courts may review the judgments of the authority adopting the zoning resolution or ordinance in its legislative capacity.

This mandamus action seeks to force the officials of DeKalb County to grant them building permits which the law and the ordinance of that county do not authorize or permit them to do so long as they are valid. The majority has not declared the zoning regulations as applied to this property unconstitutional or that the petition so alleges, and specifically states that no decision is made thereon. I am of the opinion that the petition merely states legal conclusions without any basis in fact sufficient to allege grounds for the relief sought. It fails to substantiate the pleaders' conclusions that as to them the zoning regulations are violative of the State and Federal Constitutions. The ruling that it is void as being arbitrary and capricious is an unsupported court conclusion and in defiance of the plain constitutional authorization therefor. Judges are incapable, for want of information and facilities, of properly zoning property, and they have no constitutional power to do so. I submit that these duly constituted county officials and governing authority cannot perform arbitrarily and capriciously here without a ruling that their actions are unconstitutional.

While this suit was filed before the effective date of the new practice act, and it is not completely clear whether or not it is

being considered by the lower court under the old or new procedure since the demurrers are being considered, nevertheless, under either procedure, no claim or cause of action for relief is shown, and I would so hold. For these reasons I dissent.

I am authorized to state that Justice Grice concurs with this dissent.