## 25002. ADDIS et al. v. SMITH et al.

FRANKUM, Justice. 1. The complaint in this case seeks merely the grant of a mandamus to compel some of the defendants who are the Mayor and members of the council of the City of East Point to re-zone a described tract of land located in the city from commercial to multi-family residential so as to authorize the erection thereon of apartment houses, and to compel the other defendant, Addis, who is the building inspector of the City of East Point to issue to the plaintiffs a building permit for the purpose of enabling them to erect apartment houses on their property. While the complaint does contain allegations to the effect that under the facts and circumstances of the case, as set forth therein, the application of the zoning ordinance of the city to the plaintiffs' property is unconstitutional and void for stated reasons, the

158

complaint neither seeks, nor did the court grant relief declaring such ordinance to be unconstitutional or void. The judgment appealed from is merely one granting the plaintiffs a mandamus absolute, and ordering the defendants, the Mayor and Council of the City of East Point "to rezone the property described in the plaintiffs' petition from 'C-1' to 'R-3,'" and ordering the defendant, B. W. Addis, "to issue a building permit forthwith for the construction of apartment units on the land described in the petition in accordance with 'R-3' zoning ordinance of the City of East Point, Georgia." In rendering such a judgment the judge of the superior court exceeded his power and authority. It is fundamental that the power to zone or re-zone property is conferred by the Constitution upon the "governing authorities" of the various municipalities, and that in matters of zoning the exercise of judgment and discretion on the part of the body upon whom the power is conferred is involved. No court can substitute its judgment for the judgment of the mayor and council in such matters. These principles are supported by the following cases: *Richmond County v. Steed*, 150 Ga. 229, 232 (103 SE 253); *Thomas v. Ragsdale*, 188 Ga. 238, 239 (3 SE2d 567); *Hunt v. McCollum*, 214 Ga. 809, 810 (108 SE2d 275); *Vulcan Materials Co. v. Griffith*, 215 Ga. 811, 814 (114 SE2d 29).

2. To sustain the judgment of the trial court in this case the appellees rely principally upon the case of *Tuggle v. Manning*, 224 Ga. 29 (159 SE2d 703). Nothing in that case requires a ruling different from that which we here make. What was ruled in the *Tuggle* case was merely that the complaint set forth facts which, if proved upon the trial of the case, would authorize a jury to find that the application of the zoning ordinance of DeKalb County was arbitrary and unreasonable as it affected the plaintiff's property, and therefore void, and that upon such a finding there would be no zoning regulation at all applicable to the plaintiffs' property, and it would then be appropriate to require by mandamus that the building inspector issue a building permit. That case is, therefore, clearly distinguishable from this case.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 14, 1969—DECIDED FEBRUARY 20, 1969—
REHEARING DENIED MARCH 6, 1969.

*Archer, Patrick & Sidener, James H. Archer, Jr., R. William Hamner,* for appellants.

*Long & Siefferman, Calhoun A. Long, Floyd E. Siefferman, Jr.,* for appellees.

ON MOTION FOR REHEARING.

FRANKUM, Justice. In a vigorous motion for rehearing counsel for the appellees insist that this court overlooked their principal contention that the existence of a municipal ordinance zoning the property in question for any use was not proven. This court did not overlook this contention of the appellees. However, counsel for the appellees in making this contention evidently overlook the fact that both in their pleadings and in the trial of the case before the judge they recognized that the property in question had in fact been zoned by the city for commercial use and that under that zoning the erection of apartment units on the property is not permitted. The relief sought with respect to the mayor and council was that the property be "*re*zoned," and upon the trial counsel for the appellees stated to the court, "I am willing for Your Honor to consider the map," which they now contend was not properly proved. The map which was sent up with the record to this court contains a certificate by Walter P. Kidd, City Clerk, that it is "the 'official zoning map of the City of East Point, Georgia' referred to in Section 24-52 of the Code of Ordinances of the City of East Point, which map was adopted by the City Council of said city on May 2, 1960 as a part of 'the zoning ordinance of the City of East Point, Georgia.'" The section of the Code of Ordinances of the City of East Point referred to in the certificate is the same section referred to in appellees' complaint and quoted therein. The appellees admitted the existence of the ordinance in their complaint and their contention with respect to the ordinance must be reduced merely to a contention that the ordinance, while adopted by the city, is void. It is thus unnecessary to decide whether the certificate attached to the map was sufficient proof that the map was the official zoning map of the City of East Point.

As we have said, the appellees ask that the court order that their property be "*re*zoned." The prefix "re-" means "again,

anew, over again." Webster's New World Dictionary of the American Language, p. 1209 (1966 Ed.). When that prefix is applied to the word zone it means to zone again or to zone anew, and property cannot be zoned again or zoned anew unless it has once been zoned. In view of the admissions of the appellees in their pleadings and in open court, the trial judge was clearly authorized to find, if not required to find, that the property had been zoned. His order that it be "rezoned" shows without question that he did so find. He could not order rezoning under the authorities which we cited in the opinion, and since he did not find the ordianance void as applied to the appellees' property so as to bring the case within the purview of the *Tuggle* case he was not authorized in the face of zoning prohibiting the erection of apartments to mandamus the building inspector to issue a permit for the erection of apartments.

*Rehearing denied. All the Justices concur.*