## Richmond

GAIL E. BOGGS AND MARY E. BOGGS v. BOARD OF SUPERVISORS OF
FAIRFAX COUNTY, VIRGINIA.

January 18, 1971.

Record No. 7177.

Present, Snead, C.J., I'Anson, Carrico, Gordon, Harrison and Harman, JJ.

*Thomas O. Lawson (Charles L. Shumate; Kelly, Louk, Lawson &
Chess,* on brief), for appellants.

*Donald C. Stevens, County Attorney for the County of Fairfax,*
for appellee.

I'ANSON, J., delivered the opinion of the court.

Plaintiffs, Gail E. Boggs and Mary E. Boggs, filed in the court below a motion for a declaratory judgment against the Board of Supervisors of Fairfax County (Board) praying that the R-10 (single family residences) zoning classification as it applies to their 6.7 acres of vacant land in Fairfax County be declared invalid, and that the Board's refusal to grant their request to rezone the property to one of the commercial categories, namely C-D, C-O, or C-OL, which would permit the construction of an office building and concomitant commercial facilities, be declared unreasonable, arbitrary and capricious. Plaintiffs further prayed that the court rezone the land to the C-OL category, which would permit them to construct a four-story office building and concomitant commercial facilities.

After an ore tenus hearing and consideration of the transcript of the public hearing before the Board on plaintiffs' application for rezoning, the lower court held that the zoning classification as applied to plaintiffs' land was not invalid, and that the Board was not unreasonable, arbitrary or capricious in refusing to rezone the property. We granted plaintiffs an appeal.

Plaintiffs' land fronts on the north side of Route 7, approximately 1500 feet east of the Route 7 intersection with Interstate Route 495.

The uncontradicted evidence shows that under the county's zoning and subdivision control ordinances, plaintiffs would be required to expend approximately $185,000 to make extensive on-and-off-site improvements, particularly for purposes of drainage, before the land could be utilized under the R-10 category.

N. McKenzie Downs, conceded by all counsel to be an outstanding appraiser of property in the area, testified that considering the cost of the on-and-off-site improvements, "No one in his right mind * * * would ever consider going in and developing [the subject property] under an R-10 category." He further said, "I don't think that you would have a purchaser in the market place at any price if you could only consider R-10 zoning on it."

Mr. Downs also testified that from 1960 through 1968 there had been a "fantastic" change in the character of this particular community; that more than 33 parcels along Route 7 had been rezoned from single family residential to apartments and commercial; and that there had been a distinct trend away from single family housing along Route 7. He further stated that property diagonally across the street from plaintiffs' property had been recently zoned to the C-O (commercial office) category, and in his opinion there was no difference between that parcel and plaintiffs' land.

James D. Pammel, principal zoning coordinator for the county, was the only witness called by the Board. He testified that the R-10 category for plaintiffs' property was not appropriate, but the R-T (townhouse) category would be. He acknowledged, however, that it would not be economically feasible to develop the land under the R-T category. He further said, "An office use, not necessarily a high-rise office, but an office use probably would not be inconsistent with the character of the area."

The transcript of the public hearing on plaintiffs' application for rezoning shows that after the Board denied the request it directed the planning staff of the county "to restudy, with an eye to determining the most appropriate use, the area abutting on the north side of Route 7 [the area in which plaintiffs' land is situated] between the City of Falls Church and Interstate Route 495."

Plaintiffs first contend that the R-10 zoning classification as applied to their land is confiscatory and invalid.

In *Board of Supervisors* v. *Carper*, 200 Va. 653, 660, 107 S.E.2d 390, 395 (1959), we summarized the established principles of zoning law as follows:

> "The general principles applicable to a judicial review of the validity of zoning ordinances are well settled. The legislative branch of a local government in the exercise of its police power has wide discretion in the enactment and amendment of zoning ordinances. Its action is presumed to be valid so long as it is not unreasonable and arbitrary. The burden of proof is on him who assails it to prove that it is clearly unreasonable, arbitrary or capricious, and that it bears no reasonable or substantial relation to the public health, safety, morals, or general welfare. The court will not substitute its judgment for that of a legislative body, and if the reasonableness of a zoning ordinance is fairly debatable it must be sustained. *Board of County Supervisors of Fairfax County* v. *Davis*, 200 Va. 316, 322, 106 S.E.2d 152, 157; *West Bros. Brick Co.* v. *City of Alexandria*, 169 Va. 271, 288, 192 S.E. 881, 888 (appeal dismissed 302 U.S. 658, 58 S.Ct. 369, 82 L.Ed. 508, rehearing denied 302 U.S. 781, 58 S.Ct. 480, 82 L.Ed. 603). The exercise of the police power is subject to the constitutional guarantee that no property shall be taken without due process of law and where the police power conflicts with the Constitution the latter is supreme, but courts will not restrain the exercise of such power

except when the conflict is clear. *West Bros. Brick Co.* v. *City of Alexandria,* supra (169 Va. at 281, 192 S.E. at 885.)

" * * * '[T]he purpose of zoning is in general two-fold: to preserve the existing character of an area by excluding prejudicial uses, and to provide for the development of the several areas in a manner consistent with the uses for which they are suited. The regulations should be related to the character of the district which they affect; and should be designed to serve the welfare of those who own and occupy land in those districts.' See also 1 Yokley, Zoning Law and Practice, § 10, pp. 12, 13."

■ It is a general rule that if the application of a zoning ordinance has the effect of completely depriving the owner of the beneficial use of his property by precluding all practical uses, the ordinance is invalid as to that property. A zoning of land for single family residences is unreasonable and confiscatory and therefore illegal where it would be practically impossible to use the land in question for single family residences. *Tillitson* v. *City of Urbana,* 29 Ill.2d 22, 193 N.E.2d 1, 3-4 (1963); *Summers* v. *City of Glen Cove,* 17 N.Y.2d 307, 270 N.Y.Supp.2d 611, 217 N.E.2d 663 (1966); *Frankel* v. *City of Baltimore,* 223 Md. 97, 103, 162 A.2d 447, 451 (1960); *Forrest Hills Borough Appeal,* 409 Pa. 392, 187 A.2d 166 (1963); 8 McQuillin, Muncipal Corporations, § 25.45, pp. 115, 118, 119 (3rd Ed. 1965), and the numerous cases there cited.

*Southern Railway* v. *Richmond,* 205 Va. 699, 708-10, 139 S.E.2d 82, 89-90 (1964), relied on by the Board in support of its argument that the ordinance as it applies to plaintiffs' land was not confiscatory, is clearly distinguishable on the facts from the present case. It is not controlling here.

In the present case the uncontradicted evidence shows the land cannot be reasonably adapted for single family residences. The R-10 classification renders the land economically unfeasible for development, and it is not saleable at any price. There have been "fantastic" changes in the character of the community since the zoning ordinance, limiting the use of plaintiffs' land to the R-10 classification, was first enacted. Many parcels of land have been rezoned and the Board has recognized that a restudy of the entire area is necessary. The Board's only witness conceded that the R-10 zoning classification as it applies to plaintiffs' land is inappropriate.

We find no substantial relationship between the restriction on plaintiffs' property and the public health, morals, safety or general welfare.

The unreasonableness of the ordinance, as it applies to plaintiffs' property, is not even debatable. Hence, for all practical purposes, plaintiffs have been deprived of the lawful use of their property by an ordinance which in its application to this property is unreasonable and confiscatory, and therefore unconstitutional. It follows that the Board's refusal to rezone the land from the single family category to another classification was clearly unreasonable and arbitrary.

■ Lastly, plaintiffs ask this court to rezone their land to permit the construction of a four-story office building and concomitant commercial facilities.

Zoning is properly a legislative function. Under the evidence presented, this court will not substitute its judgment for that of the Board in determining the proper rezoning classification for plaintiffs' land.

For the reasons stated, the judgment of the court below is reversed and the case is remanded for the entry of an order directing the Board to rezone the land.

*Reversed and remanded.*