### 27922. McLENNAN v. CLARKE et al.

GUNTER, Justice. This appeal relates to the validity or invalidity of a zoning ordinance of the City of Atlanta. The appellees brought an action in the trial court against the city, its building inspector, and the appellant seeking a declaratory judgment declaring the specified zoning ordinance invalid and also seeking an injunction prohibiting the city's building inspector from issuing permits for use of the land as allowed by the alleged invalid ordinance.

The trial court, on motion for summary judgment, held that the zoning ordinance was invalid because of procedural defects. Appellant, the landowner, has appealed, contending here that the zoning ordinance was not invalid.

We affirm the judgment of the trial court.

The city's 1970 Zoning Ordinance provides as follows: "No property owner or owners or their successors in title shall initiate or cause to be initiated an action for a zoning change affecting the same parcel of property or part thereof more often than once every eighteen months." Section 38.20.

The record shows that the appellant initiated a zoning application for Tract A on June 21, 1971; he initiated another zoning application on August 19, 1971, for Tract B which was adjacent to Tract A; and on December 20, 1971, he initiated a zoning application for Tracts A and B combined.

On April 18, 1972, the city enacted an ordinance based upon the third application, and the combined Tracts A and B were rezoned.

The trial court held the April 18, 1972, zoning ordinance null and void becuase it was based on an application initiated in less than eighteen months after two previous applications "affecting the same parcel of property or part thereof" in violation of Section 38.20 of the city's 1970 Zoning Ordinance.

It is clear to us, as it was to the trial judge, that the third application related to "the same parcel of property or part thereof" referred to in the two previous applications and the eighteen-month period for re-initiation of such an application had not expired as required by Section 38.20 of the City's 1970 Zoning Ordinance. Therefore, the April 18, 1972, Rezoning Ordinance based on the third application was properly held to be an invalid ordinance because of this procedural defect. See *Stone Mountain Industries v. Wilhite,* 221 Ga. 269 (144 SE2d 357) (1965), and *Newman v. Smith,* 217 Ga. 465 (123 SE2d 305) (1961).

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 15, 1973 — DECIDED SEPTEMBER 6, 1973.

*Alex N. McLennan,* for appellant.
*Haas, Holland, Levison & Gibert, Richard C. Freeman III, Ralph, H. Witt,* for appellees.