## 30955. CITY OF ATLANTA et al. v. McLENNAN et al.

GUNTER, Justice.

The appellees here were plaintiffs below, and they brought an action in the trial court against appellants-defendants for declaratory judgment and mandamus. The complaint sought a declaration that the city's zoning ordinance applicable to appellees' land was unconstitutional, and it sought to require the city and its administrative official to issue a building permit for the construction of a shopping center on the subject land.

By consent of the parties all issues of law and fact were submitted to the trial judge for decision. He heard evidence, entered findings of fact and conclusions of law, and rendered a judgment holding the zoning ordinance as applied to the subject land to be unconstitutional and ordering the appellants to issue appellees a building permit for the construction of a shopping center on the subject land. Appellants filed a motion for judgment notwithstanding the verdict and a motion for new trial, both of which were denied by the trial judge. The appellants seek review here.

The Declaratory Judgment Issue

The issue for decision by the trial judge was whether the zoning ordinance as applied to the subject property (residential uses only) was confiscatory, arbitrary, and unreasonable to the extent of unconstitutionally depriving the appellees of their property and its reasonable use under the rule established by this court in *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975). The trial judge ruled with the appellees on this issue and declared residential zoning of the property to be

unconstitutional. We have reviewed the record; we agree with the trial judge; and we affirm the judgment below on this issue.

We can see no point in detailing the evidence and setting forth the background of this lengthy zoning struggle. Let it be sufficient here to say that the city rezoned the property in 1971 as applied for by appellees. However, this zoning action, when attacked by other interested parties, was declared invalid on procedural grounds. See *McLennan v. Clark,* 230 Ga. 891 (199 SE2d 784) (1973). In 1974, the appellees again applied for rezoning, and their application was denied by the governing authority by a vote of 9 to 8. Having thus failed in their rezoning effort, the appellees applied for a building permit to construct a neighborhood shopping center which was denied because the property was not zoned for that purpose. They then brought their action for declaratory judgment and mandamus.

We conclude that the trial judge was correct in declaring the residential zoning, as applied to the appellees' property, unconstitutional.

The Mandamus Issue

After holding the present zoning unconstitutional, the trial judge ordered the appellants "to issue plaintiff Alex D. McLennan, Jr. a building permit for the construction of a shopping center on the McLennan property upon presentation by the plaintiff McLennan of an application for same, accompanied by plans and specifications which comply with the provisions of the Building Code of the City of Atlanta applicable to structures of that type." He further permanently enjoined the appellants and those in concert with them from denying a building permit for the construction, operation, or maintenance of a shopping center on the property and from otherwise attempting to enforce or apply residential classifications to the property.

Appellants contend that requiring the issuance of the permit sought is the equivalent of "judicial zoning," and that this court carefully avoided the implication of the existence of such judicial power in *Barrett v. Hamby,* supra.

The appellees contend that once the current zoning

applicable to the land has been declared unconstitutional and void, there are no zoning restrictions on the property, and the owners can use the property for such purposes as they deem desirable. They rely on *Tuggle v. Manning,* 224 Ga. 29 (159 SE2d 703) (1968); and *Addis v. Smith,* 225 Ga. 157 (166 SE2d 361) (1969).

We have concluded that the respective contentions of the appellants and the appellees are too extreme; that there is a middle ground that is more equitable and appropriate; and that this is especially so since Georgia's Constitution provides for "governing authority" zoning rather than "judicial" zoning. Code Ann. § 2-1923.

Once the zoning regulations applicable to a particular tract of land have been declared unconstitutional and void by the judiciary, before the judiciary can require further mandatory action, the governing authority must be given a reasonable time for the rezoning of the tract to a use classification that is constitutional under the *Barrett v. Hamby* rule. But if the governing authority does not accomplish this purpose within a reasonable time after the current zoning has been declared unconstitutional and void, then the judiciary, as a last resort toward obtaining compliance with its judgment, may declare such tract unzoned and free from all municipal or county zoning restrictions. We think that judicial restraint in the zoning area is required by our Georgia Constitution, and that the judiciary, only as a last resort, should declare a tract of land free from zoning regulations that are imposed and that may be only imposed by local governing authorities.

The reliance by the appellees on *Tuggle v. Manning,* supra, and *Addis v. Smith,* supra, for their position is reliance placed on a very slender reed. *Tuggle* merely held that the complaint in that case stated a claim upon which relief could be granted. Upon the second appearance of that case in this court, *Harrison v. Tuggle,* 225 Ga. 211 (167 SE2d 395) (1969), this court, speaking through now-Chief Justice Nichols, said: "When this case was previously before this court it was held that the petition was not subject to a motion to dismiss for failure to state a claim. Under such a holding even if it is established as the law of the case that if the plaintiffs prove their case as laid

a finding for them would be authorized, . . . , it does not follow that the mere proving of the facts alleged in the petition would demand a finding of the ultimate conclusion that the property is only suitable for purposes permitted in a 'local commercial district C-1,' so as to authorize the grant of a summary judgment, and the issuance of a mandamus absolute requiring the issuance of a building permit, etc." P. 213.

In *Addis v. Smith,* the trial court had ordered the municipal governing authority to issue a building permit. In reversing that judgment this court said: "In rendering such a judgment the judge of the superior court exceeded his power and authority. It is fundamental that the power to zone or re-zone property is conferred by the Constitution upon the 'governing authorities' of the various municipalities, and that in matters of zoning the exercise of judgment and discretion on the part of the body upon whom the power is conferred is involved. No court can substitute its judgment for the judgment of the mayor and council in such matters. These principles are supported by the following cases: [Cits.]"

The appellees rely primarily on the second division of the *Addis* opinion, and a mere reading of the second division shows it to be obiter dicta. The second division of *Addis* is also clearly refuted by *Harrison v. Tuggle,* supra.

We therefore hold that the trial judge in this case, after declaring unconstitutional the current zoning applicable to appellees' property, should not have ordered the issuance of a building permit for a purpose for which the property was not zoned. He should have directed the local governing authority to rezone the property so that such rezoning would pass constitutional muster, with the further provision that if such rezoning was not accomplished within a reasonable time, the court reserved jurisdiction to later declare the subject property free from all zoning restrictions.

We therefore affirm on the declaratory judgment issue, but reverse with direction on the mandamus issue.

*Judgment affirmed in part and reversed in part, with direction. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Nichols, C. J., and Undercofler, P. J., who dissent.*

ARGUED APRIL 19, 1976 — DECIDED JUNE 8, 1976.

*Henry L. Bowden, Ralph H. Witt, W. Roy Mays, III,* for appellants.

*Richard C. Freeman, III,* amicus curiae.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Emmet J. Bondurant, Susan A. Cahoon, Richard G. Woodward,* for appellees.

HILL, Justice, concurring.

I concur in the opinion and judgment of the court and add this concurring opinion simply to point out that in my view mandamus will not lie in a case of this type.

The majority hold that the trial judge should not have ordered the issuance of the building permit, for the reason that courts lack the power to zone and rezone property. In other words, although having the power to declare a zoning ordinance unconstitutional and void, courts lack the power to require in the same suit the issuance of a building permit by mandamus. To me it logically follows that mandamus will not lie in a case of this type. See *Riverhill Community Association v. Cobb County Board of Commissioners,* 236 Ga. 856 (1976).

NICHOLS, Chief Justice, dissenting.

I feel constrained to dissent from the majority ruling on the mandamus issue.

In a Virginia case (City of Richmond v. Randall, 215 Va. 506 (211 SE2d 56)), on all fours with the present case, after affirming the trial court's finding of unreasonableness, the Supreme Court of Virginia reversed the trial court's remand to the zoning board and held (p. 511): "The presumption of legislative validity attaches not only to zoning ordinances adopted by legislative bodies, but also to actions on applications for special use permits where legislative bodies are empowered by law to take such actions. And here, too, the linchpin of the presumption is reasonableness. When a landowner whose special use permit has been denied shows that the existing zoning ordinance, as applied to his land, is invalid, and that the use he requested is

reasonable, he has made a prima facie showing that the legislative action denying his permit was unreasonable. The burden then shifts to the legislative body to produce evidence showing that the denial was reasonable." And on p. 512, the court held: "In the exercise of its power to order such action, a court may not usurp the legislative prerogative. 'Zoning is properly a legislative function' and 'this court will not substitute its judgment for that of the Board . . .' Boggs v. Board of Supervisors, 211 Va. 488, 492 (178 SE2d 508) (1971). But when the evidence shows that the existing zoning ordinance is invalid and the requested use reasonable, and when, as here, the legislative body produces no evidence that an alternative reasonable use exists, then no legislative options exist and a court decree enjoining the legislative body from taking any action which would disallow the one use shown to be reasonable is not judicial usurpation of the legislative prerogative." See also 82 AmJur2d 945, § 361.

Where, as here, the existing zoning has been declared invalid and no zoning exists on the property, a mandamus against the building inspector to issue a permit does not amount to a judicial zoning. I would affirm the judgment of the trial court.

I am authorized to state that Presiding Justice Undercofler concurs in this dissent.