## 33666. DOUGLAS COUNTY et al. v. RICHARDSON et al.

NICHOLS, Chief Justice.
The refusal of Douglas County to rezone the Richardsons' property from a single-family residential classification to a classification allowing its use as a commercial day-care center for children precipitated this action.

The trial court declared the zoning unconstitutional, remanded the case to the governing authorities of Douglas County, and retained jurisdiction. Thereafter, in a second order, the court held that the Douglas County

governing authorities had had a reasonable time to rezone the property in a manner that would pass constitutional muster under *City of Atlanta v. McLennan,* 237 Ga. 25 (226 SE2d 732) (1976). Accordingly, the court declared the Richardsons' property free of all then existing residential zoning restrictions. Douglas County appeals.

Douglas County urges that the trial court "was not presented with sufficient facts to declare the zoning unconstitutional."

The trial court made detailed findings of fact regarding the "general lines of inquiry" set forth in *Guhl v. Holcomb Bridge &c. Corp.,* 238 Ga. 322, 323 (232 SE2d 830) (1977). By way of brief summarization, the trial court's findings describe an area of Douglas County near and surrounding the Richardsons' property (1) which is rapidly changing from residential to commercial development, (2) which lies along and adjacent to main arteries between the City of Atlanta and suburban Douglas County, (3) where existing residences remain vacant due to traffic and commercial development, and (4) where the general character of the land development is commercial. The trial court's findings of fact list surrounding and nearby commercial uses such as banks, restaurants, shopping centers, service stations and the wide variety of other such enterprises which inform the motorist that he has entered a commercial district of modern suburbia. The court found that restricting the Richardsons' property to residential instead of commercial uses would reduce its retail sales price by approximately 50 percent and that there was no evidence presented to show that restricting the use of the property to residential only would have any substantial relationship to the public health, safety, morality or general welfare. The court concluded as a matter of law that no reasonable basis existed for treating the Richardsons' property differently from other commercial properties in its immediate vicinity.

The trial court's findings of fact are supported by the record and are sufficient to establish that the residential zoning of the Richardsons' property is invalid under the principles stated by this court in *Barrett v. Hamby,* 235

Ga. 262 (219 SE2d 399) (1975); *City of Atlanta v. McLennan*, 237 Ga. 25, supra; *Guhl v. Holcomb Bridge &c. Corp.*, 238 Ga. 322, supra; and *City of Smyrna v. Ruff*, 240 Ga. 250 (240 SE2d 19) (1977).

The trial court did not err in holding in the second order that the Douglas County zoning authorities had not complied with the first order allowing the property to be rezoned so as not to deprive the Richardsons of their constitutional rights.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents.*

SUBMITTED JUNE 2, 1978 — DECIDED JULY 6, 1978.

*William C. Tinsley,* for appellants.
*Hartley & Reid, G. Michael Hartley,* for appellees.