## 33831. GUHL et al. v. TUGGLE et al.

UNDERCOFLER, Presiding Justice.

Plaintiffs, Tuggle and Ross, brought this suit against the Board of Commissioners of DeKalb County to declare the residential zoning on their property unconstitutional. The trial court agreed and remanded the case to the board of commissioners for rezoning under our decision in *City of Atlanta v. McLennan,* 237 Ga. 25 (226 SE2d 732) (1976). The board failed to act within the allotted time and the trial court, on the property owners' motion, declared the property free of all zoning. The commissioners appeal. We affirm.

1. In enumeration of error 25, the commissioners raise the failure of the property owners to sue the county as required by the Georgia Constitution, Art. IX, Sec. I, Par. I; Code Ann. § 2-5801,[1] and Code Ann. § 23-1503.[2] Prior to the adoption of the Civil Practice Act, such a defect was nonamendable and required dismissal. *Merritt v. Dixon,* 222 Ga. 432 (150 SE2d 644) (1966); *Duggar v. East Tenn. Va. & Ga. R. Co.,* 85 Ga. 437 (11 SE 811) (1890); *Arnett v. Bd. of Commrs.,* 75 Ga. 782 (1885). We note here that the members of the board of commissioners are proper, although not necessary, parties to this suit.[3] *Riverhill Community Assn. v. Cobb County Bd. of Commrs.,* 236 Ga. 856 (226 SE2d 54) (1976). The property owners' argument that the board members are necessary insofar

---

[1]"All suits by or against a county shall be in the name thereof; . . ."

[2]"Suits by or against a county must be in the name of the county, . . ."

[3]*Irwin v. Crawford,* 210 Ga. 222 (78 SE2d 609) (1953); *McGinnis v. McKinnon,* 165 Ga. 713 (141 SE 910) (1927); *Dancer v. Shingler,* 147 Ga. 82 (92 SE 935) (1917), are inapposite because these cases hold that public officials are properly sued in their individual capacities when the complainant seeks to enjoin ultra vires or illegal acts. Zoning, a proper function of the board, does not fall into this category. But see *Olley Valley Estates v. Fussell,* 232 Ga. 779 (208 SE2d 801) (1974).

as their petition states a claim in mandamus is without merit. Suits in mandamus are properly filed against the public officials as individuals (*Bullock County v. Ritzert,* 213 Ga. 818 (102 SE2d 40) (1958)), and the property owners have sued the commissioners here in their official capacities.

Code Ann. § 81A-119, however, provides for "joinder of parties needed for just adjudication."[4] And Code Ann. § 81A-121, states that "[m]isjoinder of parties is not ground for dismissal of an action. . ." In *Smith v. Merchants & Farmers Bank,* 226 Ga. 715, 718 (177 SE2d 249) (1970), we said: "Under the provisions of § 12 of the Civil Practice Act (Code Ann. § 81A-112) failure to join an indispensable party is a defense which may be raised by motion. Likewise, under § 21 of the Civil Practice Act (Code Ann. § 81A-121), where there has been a nonjoinder of a necessary party such party may be added on motion of any party or by the court on its own initiative. Such language does not mean, however, that the trial court must order the making of a new party in all cases where an indispensable party is not named by a plaintiff. Where the question of an indispensable party is expressly passed upon by the trial court it will be held that the plaintiff had such notice as would have afforded him an opportunity to seek the addition of such party (compare *Emhart Corp. v. McLarty,* 226 Ga. 621 [176 SE2d 698 (1970)]), but where neither the motion to dismiss nor the judgment of the trial court discloses any intent to raise or pass upon such

---

[4]"*A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be afforded among those who are already parties,* or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." Code Ann. § 81A-119 (a). (Emphasis supplied.)

question it will be deemed for the purpose of review, of a judgment overruling a motion to dismiss for failure to state a claim, as an amendable defect, and the petition otherwise was not subject to being dismissed for failure to state a claim." We hold this reasoning also applies in a case such as this where the plaintiff has failed to name the county in a suit against it. Thus, after the passage of the Civil Practice Act, the failure to name the county will no longer be considered a nonamendable defect *requiring* dismissal. But pursuant to Code Ann. § 81A-119 (b) we must consider whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, . . ."

We do not find that the county has been prejudiced by the action taken in the trial court to which it was not a named party. The commissioners, the county zoning and governing authority, were parties and a vigorous defense was presented on the board's behalf by the county attorney. Thus, we see no harm resulting from the failure of the property owners to name the county as a party and dismissal is, therefore, not appropriate.

As provided in Code Ann. § 81A-121, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." This includes appeal. See generally 7 Wright & Miller, Federal Practice and Procedure: Civil § 1609. The county must be added as a party defendant by amendment upon remittitur of this case to the trial court. With this addition, the grounds for dismissal urged in Enumeration 25 are without merit.

2. In enumerations of error 1, 2, 6, 10, 11, 12, 13, 14, 15, 16 and 20, the board of commissioners attack the trial court's ruling that the residential zoning on the property in question was unconstitutional. The land is located near a busy intersection that is already developed commercially, and is partially bordered by land zoned for other than residential uses. Under the test set out in *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975), and the factors[5] to be considered under *Guhl v. Holcomb*

---

[5]These factors are meant as a guideline and it is not mandatory, as the county argues, that the court make

*Bridge Road Corp.,* 238 Ga. 322 (232 SE2d 830) (1977), the trial court did not err in holding the residential zoning unconstitutional. Nor did it err in declaring the property free from zoning on motion by the property owners after the board of commissioners refused to rezone the property in the time allotted. *City of Atlanta v. McLennan,* supra. Therefore, enumerations of error 3, 19, 21 and 22 are also without merit.

3. In its enumerations of error, 7, 8, 9 and 17, the county claims that the property owners are estopped from asserting that the current, single family zoning is unconstitutional because they resisted any zoning other than office-institutional or commercial at the hearing the commissioners held in response to the trial court's order to rezone the property. At that time, the commissioners offered to rezone to a higher density residential classification, which the property owners refused to accept. There is no merit to this contention. The trial court had already ruled that the present zoning was unconstitutional. There is no reason why they could not assert their preference for office-institutional at the rezoning hearing. The board was free to rezone to any constitutional level it desired. That it chose not to act in the face of the property owners' resistance works no estoppel against the property owners themselves.

4. Enumerations of error 4, 5, and 23 raise objections to evidence submitted during the trial of the case. The trial court denied the county's motion for new trial which was based on these assertions. We find no reversible error.

5. Enumeration of error 24 raises the propriety of the trial court's requiring a $2,000 supersedeas bond which "shall be payable to . . . [the property owners] as liquidated damages if they prevail on an appeal to the Supreme Court of the State of Georgia." Code Ann. § 81A-162 (d) provides that: "[w]hen an appeal is taken by the State *or*

---

specific findings on each item in deciding the constitutional question. Further, we do not interpret the trial court's order to mean that it considered only one letter from the planning commission in reaching its decision, but only that it, which it may, gave particular weight to that evidence.

*by any county,* city or town within the State, *or an officer or agency thereof* and the operation or enforcement of the judgment is stayed, no bond, obligation or other security shall be required from the appellant." (Emphasis supplied.) It follows, therefore, that the trial court was without authority to require the county to post a supersedeas bond.

6. The refusal of the trial court to provide a jury trial on the issues of fact is enumerated as error 18. In *Guhl v. Davis,* 242 Ga. 356 (1978), we held that there is no right to a trial by jury on zoning issues.

This case is remanded to the trial court for amendment in accordance with Divisions 1 and 5 of this opinion.

*Judgment affirmed in part; reversed in part and remanded. All the Justices concur.*

ARGUED JULY 12, 1978 — DECIDED OCTOBER 24, 1978.

*George P. Dillard, Gail C. Flake,* for appellants.
*Zachary & Segraves, Kenneth W. Carpenter,* for appellees.